The City of La Crosse vs. The Town of Melrose.

THE CITY OF LA CROSSE VS. THE TOWN OF MELROSE.

*Waiver of objection.—Notice to remove pauper.*

1. An objection, that this action should have been brought in the name of the *mayor and council*, and not in that of the city, and against the *supervisors* of the town, instead of against the town, is merely formal, and cannot be first taken in this court.

2. A notice is generally held sufficient when it gives the necessary information to the proper persons, though in some respects irregular or informal.

3. The name of a town having been changed from B. to M., a notice actually served upon the supervisors thereof, requiring them to remove a certain pauper from the plaintiff city, was not insufficient because addressed "to the supervisors of the town of B."

4. Nor was it insufficient because it described such pauper as having a "residence," instead of a settlement," in the town; it showing clearly that she was in the city, being supported by it, and that the city claimed that the town was liable for her support, and requested it to remove her.

5. Such notice was properly authenticated by the signature of the *mayor* of the city.

6. The statute not prescribing any time within which the authorities of one town or city must notify those of another to remove a pauper residing in the former, but having a settlement in the latter, *it seems* that the former town may recover its expenses upon such pauper incurred *before* giving the notice, restricted only by the general statute of limitations.

APPEAL from the Circuit Court for *Monroe* County.

The plaintiff recovered a judgment in said court for moneys expended by it for the support of one Betsy McCoy from October 1st, 1861, to December, 1864; and this appeal was taken by the defendant from the judgment. The errors relied on to reverse it will appear from the opinion.

The following are the notices referred to in the opinion:

" 1. *To the Supervisors of the Town of Bristol, Jackson County, State of Wisconsin*: GENTLEMEN :—You will please

take notice that Betsy McCoy, a pauper who has a legal residence in your town, is now within the city of La Crosse, and you are hereby notified to take charge of said Betsy McCoy forthwith.     A. W. PETTIBONE, *Mayor of the City of La Crosse.*

"2. MAYOR'S OFFICE, CITY OF LA CROSSE, Dec. 19th, 1863. *To the Supervisors of the Town of Melrose, in the County of Jackson and State of Wisconsin :* GENTLEMEN:—Betsy McCoy, a pauper, having a residence in your town, has been here for a considerable time on expense to this city as a pauper, and you are required to remove her from this city, and the city of La Crosse will look to the town of Melrose for all the expenses incurred by this city in supporting her since she came here.     A. W. PETTIBONE, *Mayor of the City of La Crosse.*"

The second notice was served about the time of its date; the first about May 14th, 1862.

*J. A. Johnson* and *R. Bunn* (with *S. U. Pinney*, of counsel), for appellant, contended that the right of action was given by statute only *to* and *against* the supervisors of towns, or those who succeed to their rights and duties as overseers of the poor, which, in the case of the *City of La Crosse*, would be the common council; and the suit was improperly brought in the name of the city against the town.     R. S., ch. 34, secs. 4, 20, 21, 22, 24–27; ch. 15, sec. 62; sec. 22, ch. 9 of plaintiff's charter, Pr. & L. Laws of 1856, ch. 134; *Overseers of Poor of Pittstown v. Overseers of Poor of Plattsburg*, 18 Johns., 407; *Todd v. Birdsall*, 1 Cow., 260; *Galway v. Stimson*, 4 Hill, 136; *Palmer v. Vandenbergh*, 3 Wend., 193; *Agent of Mt. Pleasant Prison v. Rikeman*, 1 Denio, 279; *People ex rel. Allaben v. Supervisors of Delaware*, 12 How. Pr. R., 55.     2. If one town voluntarily maintains a pauper having a legal settlement in another, no action will lie for compensation (where there is no express promise), unless

given by statute. *Dalton v. Hinsdale,* 6 Mass., 501. The statute gives such an action, provided due notice has been given. R. S., ch. 34, secs. 25, 27. The notice, then, was the foundation of plaintiff's right to recover. This notice must be in writing, signed by the major part of the overseers giving it. Perhaps it may be given by an agent, if those to whom it is given are furnished with evidence of his authority; but not otherwise. *Dalton v. Hinsdale, supra.* One purpose of the notice is to enable the town liable for the pauper's support to remove him to that town, and support him there. Per METCALF, J., in *Springfield v. Worcester,* 2 Cush., 60. The notice must state all the facts which go to make up the liability of the supervisors of the town for the support of the pauper. Both notices in this case are defective. Neither asserts that Betsy McCoy had a legal *settlement* in *Melrose* (R. S., ch. 34, sec. 2, subd. 4); nor that she was a pauper there; nor that she had been brought, removed to or enticed from there to *La Crosse;* and neither purports to have been given or signed by the overseers of the poor of *La Crosse,* or by any one by their authority; and the first did not state that said Betsy had become a charge to the city, or was likely to become so. See *Quincy v. Braintree,* 5 Mass., 86; 6 id., 501; *Shutesbury v. Oxford,* 16 id., 102; 12 id., 306; 4 Pick., 357; 33 Me., 453.

*James I. Lyndes,* for respondent, contended that the common council of *La Crosse* having, by its charter, the same rights and duties as overseers of the poor that supervisors have in towns (charter, ch. 9, sec. 22), the city had the same right as a town would have to recover for expenses incurred in the support of a pauper having a settlement in another town. R. S., ch., 5, sec. 20, and ch. 191, sec. 14; Gen. Laws, 1859, ch. 66; *Rumford v. Wood,* 13 Mass., 199. See also 4 Denio, 341; 1 Cow., 670; 18 Johns., 418. 2. As to the sufficiency of the notices, he cited *Black v. Ch. & N.*

*W. Railway Co.*, 18 Wis., 208; *Westminster v. Bernardston,* 8 Mass., 104; *Quincy v. Braintree,* 5 id., 86; *Dalton v. Hinsdale,* 6 id., 501; 3 id., 230; 15 id., 286; 2 Denio, 161.

PAINE, J.   This action was brought to recover the expense of supporting a pauper, who, it was claimed, had a legal settlement in the town.   It is objected that the judgment cannot be sustained for the reason that the action should have been brought in the name of the mayor and common council of the city, against the supervisors of the town.   This position is based upon the provisions of sections 4 and 27, chap. 34, R. S.   Strictly speaking, the action should have been so brought.   These sections, considered in connection with section 64, chap. 15, R. S., which provides that in other actions for the town the supervisors shall sue by their name of office, seem to indicate that the suit should be brought in their name.   But the objection ought not to prevail; for it was made in this court for the first time, and it is a formal and not substantial objection.   The city and the town are the real parties in interest.   If the suit had been brought in the name of the supervisors, they would have been merely the representatives of the town. The judgment, if recovered, would have been enforced against the town.   If, therefore, the parties go to trial on the merits, without raising this objection, the judgment, if otherwise proper, ought not to be reversed because the action is entitled as between the real parties in interest, instead of between their representatives.

It is objected, also, that the notices given by the city to the supervisors of the town were insufficient.   Two notices were given.   The first was directed to the supervisors of the town of Bristol.   This was formerly the name of the town of Melrose, but it had been changed.   The notice was actually served on the supervisors of the town of Melrose.   If

it was otherwise proper, this defect should not vitiate it. It being served upon the proper persons, and containing the necessary information, the fact that the former name of the town was used could not have misled any one. And where a notice conveys the necessary information to the proper person, it is good, even though there are some inaccuracies in it. But a later notice was given, addressed to the supervisors of Melrose, thus remedying the defect, if there had been any.

The notices were properly signed by the mayor on the part of the city. It was objected in the court below that the city could not maintain the action, not because it should have been in the name of the mayor and council, but because the law applied only to towns, and did not extend to a city at all. This objection was properly overruled: and it was not contended here by the counsel for the appellant, that the mayor and council of the city did not succeed to all the duties and rights of the supervisors of towns in respect to the poor. This being so, and the mayor being the chief executive officer of the city, his signature is sufficient to authenticate such a notice in behalf of the city.

Nor are the notices defective in substance. Certainly the last one contains all the information that the statute directs to be given. It is objected to because it describes the pauper as having a " residence," instead of a " settlement," in the town. Undoubtedly there is a distinction. And if this notice were a pleading, it might be defective if it used the word "residence" only, where the object was to show a legal settlement. But the notice was not a pleading. Its object was merely to convey certain information to the supervisors of Melrose. That information was, that the pauper was in the city, being supported by it, and that the city claimed that the town of Melrose was liable for her support, and requested to have her removed. All this is fully

apparent from the notice. No intelligent person could misunderstand it for a moment. And such proceedings ought not to be vitiated because they do not give the desired information with the precision that would be necessary in stating a cause of action. There is no reason for applying to such a notice, under our statute, the strict rule applied by the Massachusetts cases to such notices under the statute of that state, because that made the notices conclusive upon the town notified, of all the facts stated, unless the notice was denied within a limited time. Under such a statute, there would be great reason for saying that the facts must be stated with legal precision. But the notice, under our statute, can have no such effect. It stands upon the general rules applicable to notices. And in regard to them the law is well settled as above stated—that if they convey the necessary information, they are not vitiated by formal inaccuracies, which could not mislead.

There was no error in refusing the instruction asked by the defendant, that if the city waited an unreasonable time before giving the notice, it could not recover for expenses incurred before notice. The statute prescribes no time within which the notice shall be given. And in the absence of such a provision, we think there is no limitation except the general statute of limitations.

*By the Court.*—The judgment is affirmed, with costs.