CITY OF OSHKOSH, Respondent, vs. CAMPBELL, Appellant.

*December 10, 1912—January 7, 1913.*

*Municipal corporations: Action by city: Alderman as juror: Harmless error: Ordinances: Regulating use of streets: Automobiles: Law of the road.*

1. In an action by a city for violation of an ordinance, where there was no dispute as to the facts and the matter at issue turned on the validity and construction of the ordinance, defendant was not prejudiced by the fact that, against his objection, an alderman of the city served on the jury.
2. A city may make reasonable police regulations respecting the use of its streets, not contravening the letter or spirit of any statute on the subject.
3. A city ordinance providing that a vehicle turning to the right into another street shall turn the corner as near the right curb as possible, is not in conflict with secs. 1636—47 to 1636—57, Stats. (Laws of 1905, ch. 305, and Laws of 1907, ch. 516), regulating motor vehicles on public highways.
4. The fact that defendant, while driving his automobile along the right-hand side of a street and intending to turn to the right into a cross street, found the way obstructed by two street cars and by people standing between them and the right-hand curb, did not justify him in crossing to and proceeding on the left-hand side of the cross street, instead of slackening his speed or stopping and waiting for an opportunity to proceed near the right-hand curb.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Affirmed.*

The defendant was prosecuted for, and by the verdict of a jury found guilty of, having violated plaintiff's ordinance requiring the driver of a vehicle in turning from a street into a cross street to the right, to make the corner as near the right-hand curb as possible. Judgment was entered accordingly. The evidence was to this effect: On the day of the occurrence defendant, in driving his automobile along the right-hand side of the street, approached a cross street, purposing to turn to the right thereinto. The streets were somewhat crowded by reason of there being a circus parade in progress. The way

at the nearest point of intersection and at the corner was obstructed by two street cars and some persons standing between them and the curb. There was a clear space to the left of the cars. Defendant chose to turn that way and go around the cars and people instead of waiting for an opportunity to proceed, keeping near the right-hand curb, according to the letter of the ordinance.

For the appellant there was a brief by *Thompsons, Pinkerton & Jackson,* and oral argument by *A. E. Thompson.*

*R. A. Hollister,* corporation counsel, for the respondent.

MARSHALL, J. In an action by a city to recover a penalty for violating one of its ordinances, is it prejudicial error to overrule an objection by defendant to a juror upon the ground of his being an alderman? That is the first question here. Such an occurrence characterized the trial. Whether the juror was incompetent is not the material question. It may be conceded that he was; but does it appear reasonably clear from the whole record that had he not been retained as a juror the result might probably have been more favorable for the defendant? That is the ultimate test of efficient error. It is far short of being satisfied here. The case was quite trifling, as indicated by the fact that the offense was of such character as, in the judgment of the court, to only warrant a fine of one dollar. Moreover, there was no real dispute about the facts. The matter turned on the validity and construction of the ordinance, questions with which the jurors had nothing to do. On the whole, there seems to be no indication in the record that appellant was prejudiced by the fact that the alderman served on the jury.

Did the court err in admitting in evidence and giving effect to the ordinance? The affirmative is claimed because of ch. 516, Laws of 1907 (secs. 1636—50, 1636—54, Stats.), regulating the use of highways by persons with automobiles. The plaintiff had all the usual powers respecting regulation

of the use of streets within its boundaries. It is not claimed that the particular regulation violated any statute unless it be the one referred to or ch. 305, Laws of 1905 (secs. 1636—47 to 1636—57, Stats.: Supp. 1906). An examination thereof fails to disclose that they touch the subject covered by the ordinance. It is too well settled that a city may make reasonable police regulations respecting the use of its streets, not contravening the letter or spirit of any statute on the subject, to warrant discussing the subject in this case. The statutes relied on expressly reserve to municipalities the usual powers of regulation not inconsistent therewith, and require automobile drivers to observe the rules of the road. The ordinance in question seems to be in perfect harmony therewith.

Objection is made because language was used in the instructions from which the jury, as claimed, might have gotten the idea that the presence of the obstruction at the corner was no justification for appellant turning to the left instead of waiting for opportunity to proceed near the right-hand curb according to the terms of the ordinance, though, it is confessed, that the court did not, probably, intend to do so, but rather to leave room for the jury to find that a person circumstanced as appellant was, may use his judgment as to whether it is possible, within the meaning of the ordinance, to proceed near the curb, and if not, to reach his destination some other way, and, perhaps, by going to the left as appellant did. It is a sufficient answer to counsel's contention to say that, in our judgment, the ordinance means just what it is suggested the trial court inadvertently and prejudicially gave the jury to understand. The purpose was to compel persons with vehicles to proceed along the street in such order as to minimize the danger of accidents, and that in case of there being obstructions, as in this case, to wait for a clearance. We see nothing unreasonable in that. It must be assumed that the people who stood between the cars and the curb knew appellant had the right of passage superior to their right to stand, unneces-

sarily, in the street, and that, had he signaled to them seasonably, they would have given way for him. The mere fact, without any fault of appellant, that he had to choose between slackening speed or, even, stopping for a moment for a clearance of the way, or violating the ordinance by turning as he did, is no justification for his act. If it were left to every owner of an automobile to violate such a city regulation when otherwise he would experience some inconvenience, there would be very little use of having such an ordinance, and the difficulty, now very great, of guarding against automobiles being a serious menace to the personal safety of people while on the public ways would be intolerable.

The foregoing renders some other matters discussed by appellant's counsel immaterial. ·

*By the Court.*—The judgment is affirmed.