City of Baraboo, Appellant, vs. Dwyer, Respondent.

*November 16—December 4, 1917.*

*Automobiles: Operation on highways: Speed: Invalidity of local reg-
ulations: Municipal ordinances: Bridges.*

1. Secs. 1636—47 to 1636—57, Stats., relating to the use and opera-
   tion of motor vehicles on the highways of the state, establish
   uniform regulations as to all localities and exclude local legis-
   lation inconsistent therewith.
2. Sec. 1636—49, Stats., provides for unusual conditions and cases
   which could not be regulated by specific speed limits, and in
   such cases the "reasonable and proper" rate of speed is not to be
   fixed by local authority but is to be determined upon the par-
   ticular facts of each case.
3. Under sec. 1636—55 local authorities may enact ordinances or
   regulations "in strict conformity with" the state law, imposing
   the same penalty for a violation of that law, where such viola-
   tion occurs within the jurisdiction of the local authority; but
   this does not authorize the fixing of any speed limit inconsistent
   with the statutes.
4. A city ordinance which attempts to fix a speed limit of ten miles
   per hour for motor vehicles upon a bridge in the city, is incon-
   sistent with the statutes and hence void.
5. A bridge is a "public highway" within the meaning of secs.
   1636—47 to 1636—57, Stats.
6. Under the express terms of sec. 925—2, Stats., the provision in
   sec. 925—52 giving a city council power to regulate bridges is
   inapplicable to a city theretofore incorporated which has not
   adopted the latter section.
7. Sec. 1323, Stats., imposing a penalty in certain cases upon one
   who "shall drive or ride on any animal faster than a walk" on
   any bridge, is not applicable to automobiles.

Appeal from a judgment of the circuit court for Sauk
county: James O'Neill, Judge. *Affirmed.*

Prosecution in police court for violation of an ordinance
of the city of *Baraboo* prohibiting fast driving of automobiles
on city bridges.

Sec. 1 of the ordinance provides: "From and after the
first day of January, 1917, following the passage and publi-
cation of this ordinance, it shall be and hereby is declared

unlawful for any person to drive or operate any automobile on, over and across any bridge spanning the Baraboo river within the limits of the city of *Baraboo,* at a rate of speed exceeding ten miles per hour, a rate of speed in excess of ten miles per hour subjecting such bridge structure to misuse and abuse, and being deemed and declared fast driving thereon; the speed limit thus established being enacted for public safety and the preservation of city property."

Sec. 2 fixes the penalty.

Defendant was convicted and fined in the police court, and in the circuit court the judgment was reversed. The case is here on appeal.

*Virgil H. Cady* of Baraboo, for the appellant.

For the respondent there was a brief by *Grotophorst, Thomas, Rieser & Quale* of Baraboo, and oral argument by *Norman Quale* and *H. H. Thomas.*

KERWIN, J. The vital question on this appeal is whether the ordinance is valid. Secs. 1636—47 to 1636—57, Stats., make provision regarding speed regulations applicable to the public highways of the state. Sec. 1636—49 provides:

". . . and no person shall operate or drive any automobile, motorcycle or other similar motor vehicle, along any public highway, within the corporate limits of any city or village at a speed exceeding fifteen miles per hour, nor on any of the public highways outside of the corporate limits of any city or village at a speed exceeding twenty-five miles per hour; and provided further, that no person shall operate or drive any automobile, motorcycle or other similar motor vehicle through any cemetery or through any county or state hospital or poor-farm grounds or through any park or in passing any school grounds where persons are or may be in said highway at a speed exceeding eight miles per hour; . . ."

Sec. 1636—49a provides:

"1. It shall be unlawful for any person to drive or operate an automobile, motorcycle, or other similar motor vehicle upon and along any public highway of this state at a rate of

speed exceeding ten miles per hour while within one hundred fifty feet and passing upon the same traveled track of said highway any other automobile . . . going in an opposite direction; and it shall likewise be unlawful in passing to go within three feet of any other automobile . . . going in the same direction upon any single track of any such highway at a greater rate of speed than ten miles per hour.

"2. . . . nor shall any person driving or operating any automobile . . . upon any public highway containing more than one traveled track pass within four feet of any vehicle, motor or otherwise, at a greater rate of speed than ten miles per hour when passing any other vehicle, motor or otherwise, which is traveling in the same direction and to the right of the center line of the traveled portion of said highway."

In order to meet other cases which could not be regulated by specific speed limits, the legislature made provision in sec. 1636—49 as follows:

"No person shall operate or drive any automobile . . . recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person . . . and provided further, that in turning corners, in going around curves, at sharp declines, at the intersection of any street or cross-road, and where, for any cause, the view in the direction in which the vehicle is proceeding, shall be obstructed, the speed shall be reduced to such a rate as will tend to avoid danger of accident."

It is manifest from the foregoing that the legislature had in mind that in certain cases the speed limit must depend upon the particular facts of the case, and that in such cases the speed limit should not be fixed by local authority, but be determined upon the facts of each case where the legislature made no specific limitation as to speed.

The object of the legislature clearly was to establish a uniform regulation applicable to all localities and thus avoid the confusion and uncertainty which would result to the traveling public by different speed limits in different locali-

ties. *Ayres v. Chicago,* 239 Ill. 237, 87 N. E. 1073; *Buffalo v. Lewis,* 192 N. Y. 193, 84 N. E. 809; *Ex parte Shaw* (Okla.) 157 Pac. 900.

In *Buffalo v. Lewis, supra,* the court said:

"Automobiles have but recently come into common use. Within the last few years their use has not only greatly increased, but tours therewith have been extended through many municipalities. Good judgment has not always been exercised in their use, and the rights of others have sometimes been overlooked by their owners or drivers, and, principally in consequence thereof, more or less opposition has arisen to their unrestricted use upon the public streets and highways. The opposition to such use has frequently found expression in local restrictive rules and ordinances. Such local rules and ordinances existing prior to the enactment of the motor vehicle law were not only dissimilar and conflicting, but sometimes difficult to understand. The necessity for a uniform law throughout the state was apparent, and the motor vehicle law was clearly designated as a new, complete, and general enactment to take the place of all previous statutes, ordinances, or rules relating to the use of motor vehicles upon the streets and highways of this state. The purpose of the legislature in enacting such law is shown in the clear and unmistakable language used by it."

The decisions above cited are pertinent when viewed in the light of our statutes upon the subject. Sec. 1636—55, Stats., provides:

"The provisions of sections 1636—47 to 1636—57, inclusive, shall be uniform in operation throughout the state, and no city, village, county, town, park board or other local authorities shall have power to enact, pass, enforce or maintain any ordinance, resolution, rule or regulation, requiring local registration or other requirements or in any manner excluding or prohibiting any automobile, motorcycle or other similar motor vehicle, whose owner has complied with the provisions of sections 1636—47 to 1636—57, inclusive, from the free and unobstructed use of all public highways, driveways and parkways within the state; but the provisions . . . shall not prohibit any city, village, county, town, park board

or other local authorities from passing any ordinance, resolution, rule or regulation in strict conformity with the provisions of section 1636—47 to 1636—57, inclusive, imposing the same penalty for a violation of any of the provisions of said sections, where such violation occurs within such city, county, town or village. . . ."

It is obvious from the foregoing as well as other provisions before referred to that it was the intention of the legislature to exclude local legislation inconsistent with state legislation upon the subject. True, under the statute local authority shall not be prohibited from enacting ordinances in strict conformity with the state law "imposing the same penalty for a violation of any of the provisions of said sections" where the violation occurs within the jurisdiction of such local authority. *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568.

The ordinance in question is not in conformity with our statute regulating speed of automobiles. It attempts to fix a limit of ten miles per hour over all bridges in the city of *Baraboo* regardless of particular conditions. The ordinance provides a speed regulation and fixes a speed different from the statute, hence is not in conformity therewith.

Counsel for appellant relies on that part of sec. 1636—49, heretofore quoted, which provides, in effect, that no person shall operate any automobile recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, and that in turning corners, going around curves, and at sharp declines the speed shall be reduced to such a rate as will tend to avoid danger of accidents. It will be seen, however, that this provision does not authorize the fixing of a speed limit generally. To give it the construction contended for by appellant would be in direct conflict with the statutes on the subject, because it would authorize the municipality to fix a speed different from that provided by the statute in different parts of the city regardless of conditions, and would authorize the fixing of a

rate of speed over all bridges within the limits of the municipality different from that provided by the state law.

The portion of the statute just referred to has reference to. unusual conditions and situations which are not fixed by the legislature and for which no definite limit can be fixed by the legislature or the local authorities. The reasonableness of the speed in such case must depend upon the particular facts in each case.

*Oshkosh v. Campbell,* 151 Wis. 567, 139 N. W. 316, and *Eichman v. Buchheit,* 128 Wis. 385, 107 N. W. 325, are relied upon by counsel for appellant. Neither of these cases is controlling, because they do not conflict with the state statutes. In *Oshkosh v. Campbell* this court upheld the ordinance because it did not conflict with the state law on the subject, and said: "It is too well settled that a city may make reasonable police regulations respecting the use of its streets, not contravening the letter or spirit of any statute on the subject, to warrant discussing the subject in this case."

. We are convinced that the ordinance in question is in conflict with the letter and spirit of the statutes regulating the speed of automobiles and therefore void.

Appellant refers to sec. 925—52, Stats., as giving authority to regulate bridges. This section is not applicable to the instant case. Sec. 925—2, Stats., provides that "No city now incorporated shall be affected by the provisions of this chapter unless such city has adopted or shall adopt the same or some part thereof for its government in the manner hereinafter provided." The city of *Baraboo* was incorporated prior to the enactment of the general city charter law and still operates under a special charter. But, independent of this, we think the state law regarding automobile regulations includes bridges, and, while the law provides with reference to "public highways," a bridge is a public highway within the meaning of the statute (sub. (5), sec. 4971, Stats.). *Prentiss v. Danaher,* 20 Wis. 311; *Nuthals v. Green Bay,*

162 Wis. 434, 156 N. W. 472; *Weirich v. State,* 140 Wis. 98, 121 N. W. 652.

Counsel for appellant also refers to sec. 1323, Stats., as supporting his contention. This section, however, is limited in explicit terms to animals or vehicles drawn by animals, hence is not in conflict with the state legislation affecting speed of automobiles.

*By the Court.*—Judgment affirmed.