CITY OF JANESVILLE, Appellant, v. GARTHWAITE, Respondent.

*No. 75–772. Submitted on briefs March 8, 1978.—
Decided June 6, 1978,*
(Also reported in 266 N. W. 2d 418.)

For the appellant the cause was submitted on the brief of *Nicholas P. Jones,* city attorney, and *Berta Sowa Hoesley,* assistant city attorney.

(No brief for respondent.)

CALLOW, J.   The order entered on January 19, 1976, affirmed the decision of the County Court, Branch 2, for Rock County, the Honorable Daniel O'Connor, Acting County Judge presiding, and dismissed the appeal of the plaintiff, City of Janesville.   This action was initially commenced in County Court, Branch 2, for Rock County on May 22, 1975.

On May 11, 1975, Michael W. Garthwaite, the respondent, was charged with violation of section 10.27 of the ordinances of the City of Janesville, which states:

"No person shall make unnecessary and annoying noise with a motor vehicle by squealing tires, excessive acceleration of engine or by emitting unnecessary and loud muffler noises."

Garthwaite squealed his tires and was charged with "unnecessary noise with a motor vehicle" while driving a distance of less than a city block.

On May 22, 1975, Garthwaite entered a plea of not guilty to the charges.   At the trial on June 27, 1975, Garthwaite moved to dismiss the complaint on the ground that the ordinance was invalid because it did not conform with the state motor vehicle code.   The trial court's decision held that the ordinance was invalid on the ground that the state had preempted local

regulation of squealing tires by enacting the motor vehicle code. The circuit court agreed and affirmed the decision of the county court.

On appeal the respondent, Garthwaite, did not file a brief. Under sec. 251.57, Stats., this court could in its discretion reverse the order appealed from as a matter of course. However, both the appellant and respondent have moved this court to decline to reverse as a matter of course and to entertain the appeal on its merits. As the parties have pointed out, where the issue is one of public concern, this court will not exercise its discretionary power of reversal. *Vogt v. Nelson,* 69 Wis. 2d 125, 230 N.W.2d 123 (1975). The question of whether a city may enact an ordinance regulating excessive noise produced by squealing tires or automobile acceleration in light of the restrictions against local traffic regulations in the motor vehicle code is a matter of public concern. Furthermore, the position of the respondent is ably laid out in the thoughtful decisions of the trial and reviewing courts. For these reasons, we decline to exercise our discretionary power to reverse as a matter of course and grant the parties' motion for review of the merits of the case.

Sec. 62.11(5), Stats., gives the City of Janesville express management and control over its highways.[1] That

---

[1] Sec. 62.11(5), Stats., provides: "Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

statute also empowers the City to enact regulations providing for the health, safety, and welfare of the public except as elsewhere provided in the statutes. The Janesville ordinance prohibiting excessive noise made by squealing tires, or excessive acceleration of an automobile engine, is a valid exercise of its police power under sec. 62.11(5) unless that power is otherwise limited by the legislature. In *Madison v. Reynolds,* 48 Wis.2d 156, 180 N.W.2d 7 (1970), we held that the motor vehicle code contains express limitations on a municipality's police power to enact local traffic regulations.

The issue of whether the Janesville ordinance is a traffic regulation is conceded by the City of Janesville. The word "traffic" is defined in sec. 340.01(68), Stats., to mean "pedestrians, ridden or herded or driven animals, vehicles and other conveyances, either singly or together, while using any highway for the purpose of travel." It may be argued that the Janesville ordinance is not a traffic regulation because its purpose is to suppress unnecessary noise rather than to regulate traffic for the purpose of motoring safety. However, this argument is not satisfactory because the motor vehicle code makes no provision for distinctions between ordinances based on their purposes. The motor vehicle code itself contains sections directed at purposes other than traffic safety. For example, sec. 346.94(6m), Stats., which prohibits throwing litter from vehicles in traffic, is primarily intended to preserve the state's natural beauty rather than maintaining traffic safety. The plain meaning of the term, traffic regulation, must be construed to mean any regulation which directly affects or is incident to vehicle operation regardless of the purpose for which it was enacted. Because the Janesville ordinance prohibits certain noise made in the operation of a motor vehicle, it is a traffic regulation, and, as such, it must

comply with the restrictions on local traffic regulations contained in the motor vehicle code.

These restrictions are found in secs. 349.03 and 349.06, Stats. Under sec. 349.03(1), Stats., any local traffic regulation is invalid unless it is not contrary to or inconsistent with Chapters 341 to 348, Stats., or unless it is expressly authorized by secs. 349.06 to 349.25, Stats., or some other provision of the statutes.[2] In addition, as we made clear in *Janesville v. Walker*, 50 Wis. 2d 35, 37, 183 N.W.2d 158 (1971), under sec. 349.06(1), Stats., the legislature affirmatively delegated to municipalities the power to enact traffic regulations which are in strict conformity with the motor vehicle code.[3] In *Janesville, supra* at 37, we pointed out that sec. 349.-03 in prohibitory language is the same concept of municipal power which is expressed affirmatively in sec. 349.06 and that the two tests must be read together. Our inquiry, therefore, must be whether the ordinance under consideration, prohibiting loud and unnecessary noise from squealing tires or automobile acceleration, meets the requirements contained in both secs. 349.03 (1) and 349.06(1), Stats.

The first requirement is that the ordinance be consistent and not contrary to the provisions of the motor

[2] Secs. 349.03(1)(a) & (b), Stats., state as follows: "(1) Chapters 341 to 348 and 350 shall be uniform in operation throughout the state. No local authority may enact or enforce any traffic regulation unless such regulation: (a) Is not contrary to or inconsistent with chs. 341 to 348 and 350; or (b) Is expressly authorized by ss. 349.06 to 349.25 or some other provision of the statutes."

[3] Sec. 349.06(1), Stats., states as follows: "(1) Except for the suspension or revocation of motor vehicle operator's licenses, any local authority may enact and enforce any traffic regulation which is in strict conformity with one or more provisions of chs. 341 to 348 and 350 for which the penalty for violation thereof is a forfeiture."

vehicle code or that it be authorized by Chapters 341 to 348 or some other provision of the statutes. We hold that the Janesville ordinance at issue here meets either of these tests.

Both sides agree that no provision of the motor vehicle code regulates in any manner excessive or unreasonable noise made by squealing tires or by rapid acceleration. Sec. 347.38(1), Stats., prohibits making unnecessary or unreasonably loud or harsh sounds by means of a horn or other warning device, while sec. 347.39(1), Stats., prohibits mufflers which make excessive or unusual noise or annoying smoke. A local regulation of noise made by squealing tires or rapid acceleration would be a form of noise regulation that is consistent and not contrary with the specific provisions of the motor vehicle code.

We have previously held that a local traffic regulation is not inconsistent with the motor vehicle code simply because the vehicle code does not contain a provision on the same subject. In *Oshkosh v. Campbell*, 151 Wis. 567, 139 N.W. 316 (1913), we upheld a municipal ordinance which required a driver in turning right to make the corner as near to the right-hand curb as possible. Such conduct was not regulated by the state. At that time the Wisconsin statutes did require statewide uniformity with regard to existing motor vehicle statutes.[4] Our court said:

"It is too well settled that a city may make reasonable police regulations respecting the use of its streets, not contravening the letter or spirit of any statute on the subject, to warrant discussing the subject in this case. The statutes relied on expressly reserve to municipalities the usual powers of regulation not inconsistent therewith, and require automobile drivers to observe the rules

---

[4] Chapter 305, sec. 9, Laws of 1905, stated: "The provisions of this act shall be uniform in operation throughout the state. . . ."

of the road. The ordinance in question seems to be in perfect harmony therewith." *Id.* at 569.

On the other hand, in *Baraboo v. Dwyer,* 166 Wis. 372, 165 N.W. 297 (1917), the court held that a municipal ordinance which imposed a 10 m.p.h. speed limit on local bridges to be invalid because, in the language of *Oshkosh v. Campbell, supra,* the ordinance conflicted with the letter and spirit of the statutes which allowed higher speeds.

By 1925 Wisconsin had enacted a statute on the subject of right turns. In *Stewart v. Olson,* 188 Wis. 487, 206 N.W. 909 (1926), a pedestrian struck by an automobile sought to introduce evidence of a Madison right-turn ordinance similar to the Oshkosh ordinance upheld in *Oshkosh v. Campbell, supra.* The court noted the ensuing legislative action on the subject of right turns and held that municipal ordinances requiring motorists to make right turns as near the curb as possible were no longer consistent with the statutory directive which only required motorists to keep to the right of the center of the intersection in making right turns. *Stewart v. Olson, supra* at 492.

Though *Oshkosh v. Campbell, supra,* antedates the enactment of the present motor vehicle code, it represents sound law. In fact, the 1957 Committee Notes to sec. 349.03(1)(a), Stats., cite *Oshkosh* to illustrate the type of ordinance which satisfies sec. 349.03(1)(a).[5] In this case, as in *Oshkosh,* the conduct prohibited by the ordinance is not prohibited by the vehicle code.

[5] "Whether or not a particular ordinance is inconsistent with or contrary to the statutory traffic regulations seems to be a question of interpretation, in City of Oshkosh v. Campbell, 151 Wis. 567, 139 N.W. 316 (1913) an ordinance requiring vehicles making right turns to make the turn next to the right-hand curb was held to be valid. There was no statute on the subject of right turns at the time." 40 Wis. Stats. Ann., sec. 349.03, p. 594 (West).

Since the ordinance is consistent with, and not contrary to, other noise regulations in the vehicle code, we hold that the requirements of sec. 349.03(1)(a) are met.

The ordinance can also be upheld by proceeding under sec. 349.03(1)(b), Stats. That subsection permits local traffic regulation which is authorized by Chapters 341 to 348 or some other provision of the statutes. The Janesville ordinance is an exercise of the City's power under sec. 62.11(5), Stats., to manage and control its streets. In *Janesville v. Walker, supra* at 38, we held that sec. 62.11(5) is an express statutory authorization for local traffic regulations under sec. 349.03(1)(b) as long as the local regulation also complies with the strict conformity test in sec. 349.06(1), Stats.

Both the trial court and the circuit court held that the ordinance was invalid because it did not meet the strict conformity test. The trial court noted that: "The legislature has not in regulating traffic attempted to use noise production as a basis except as to horns." Other noise regulation measures, the court noted, are based on equipment rather than on the production of noise. The trial court concluded that the horn and muffler regulations in the motor vehicle code are sufficient legislative action in the field of noise regulation to preempt the City from regulating noise not prohibited by the code. However, we do not agree.

We have had few prior occasions to construe the strict conformity requirement in sec. 349.06(1), Stats. In *Madison v. McManus*, 44 Wis.2d 396, 401, 171 N.W. 2d 426 (1969), we held that, though an ordinance need not be a carbon copy of an analogous state traffic regulation, its penalty cannot exceed that imposed by the statute. In *Janesville v. Walker, supra*, we held that, even though an ordinance is not contrary or inconsistent with an analogous state regulation, an ordinance which is more strict than the state counterpart is not in strict

conformity with the state law. *Janesville* involved an ordinance prohibiting operators and occupants of a motor vehicle from possessing beer in the presence of any person under the age of twenty-one. Sec. 346.93, Stats., also prohibited the possession of beer in a motor vehicle when a minor is present but only when the minor is under the age of eighteen. This court held that, though the ordinance was not contrary to or inconsistent with the corresponding provision of the vehicle code, the ordinance failed the strict conformity test:

"While the ordinance does not attempt to authorize what is expressly prohibited by statute, this is not the test of a municipality's power in the area of traffic regulations. This ordinance exceeds, as the ordinance did in the *McManus Case,* and forbids in an area preempted by the state, in order to have uniformity, what the state law does not forbid. *See Madison v. Reynolds, supra."* 50 Wis.2d at 39–40.

Because in *Janesville* the legislature had acted to prohibit the conduct governed by the ordinance and because the ordinance exceeded the limits set by the statute, we held the ordinance failed the strict conformity test.

In the *Madison* and *Janesville Cases,* we were concerned with a local traffic regulation governing the same conduct governed by a state traffic regulation, while in this case we are concerned with a local traffic regulation and a nonstatute, with legislative silence on the subject. Though the motor vehicle code regulates horn and muffler noise, we cannot conclude that such limited state regulation of excessive noise has preempted local control of all other motor vehicle noise. Noise can be annoying and distracting, and to that extent it affects highway safety. In addition, undue noise has a general adverse effect on the general welfare as a whole. The state could elect to regulate tire squealing or other acceleration noise and thereby preempt the subject. In that event, local regulations would have to conform

strictly to the requirements of the state law. But as long as the legislature has remained silent on the subject of noise produced by excessive acceleration of an engine or squealing of tires, we hold that cities may regulate this noise in a manner that is not otherwise inconsistent with the code.

Both the trial court and reviewing court struck down the City's squealing tire ordinance because they believed that Janesville's ordinance interfered with the uniformity of the code. Sec. 349.03(1), Stats., states that "Chapters 341 to 348 and 350 shall be uniform in operation throughout the state." Since the legislature has not acted to prohibit excessive noise made by squealing tires or acceleration of an engine, the ordinance does not interfere with the uniform application of those noise provisions that are contained in the code. Though it is true that the enactment of some local traffic regulations in areas not covered by the vehicle code will diminish the uniformity of all traffic regulation in the state, some amount of disuniformity is expressly provided for by sec. 349.03(1)(a) & (b) which permits the enactment of local regulations which are not inconsistent with the code or which are authorized by some other provision of the statutes. If municipalities were prohibited from enacting traffic regulations on subjects not covered by the vehicle code unless expressly authorized by the code, the strict conformity requirement in sec. 349.06(1), Stats., would become the only requirement, and sec. 349.03(1)(a) & (b) would be rendered superfluous. Our construction of the strict conformity test gives meaning to both statutes, and such a construction is to be preferred. *State v. Franklin,* 49 Wis. 2d 484, 486, 182 N.W.2d 289 (1971).

We express no opinion about whether the Janesville ordinance being challenged here is invalid on grounds other than preemption by the motor vehicle code. Not-

withstanding the limitations in the motor vehicle code, we hold that it is a valid exercise of the City's statutory power to regulate highway traffic in those areas where the legislature has declined to act.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.