Iva Powers STEEL, Plaintiff, Frank J. CLARK, Robert P. Ryan, Mary C. Drow, Ed J. Humphrey and Wm. H. Rockhill, Plaintiffs-Appellants,

v.

William J. BACH, J. William Little and the City of Wauwatosa, a municipal corporation, Defendants-Respondents.†

Court of Appeals

No. 84–1395. Submitted on briefs March 5, 1985.—
Decided April 9, 1985.
(Also reported in 369 N.W.2d 174.)

† Petition to review denied.

251

For the plaintiffs-appellants the cause was submitted on the briefs of *Charles P. Reiter* of Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *Harold D. Gehrke* of Wauwatosa.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

MOSER, J. Frank J. Clark, Robert P. Ryan, Mary C. Drow, Ed J. Humphrey and Wm. H. Rockhill (collectively, appellants)[2] appeal from the dismissal of their motion for declaratory judgment. The City of Wauwatosa created a pedestrian mall, converted a city street into a cul-de-sac and made some through streets into dead-end streets. The appellants sought a declaratory judgment that the above actions were illegal, arguing that the common council exceeded its statutory authority, that the common council's resolutions creating the mall, cul-de-sac and dead-end streets should be declared void and that the streets should be converted back to throughways. We affirm the trial court's dismissal of the motion for declaratory judgment.

Beginning in 1972, the common council altered the use of various city streets. In April, 1972, the common council agreed to dead end Watson Avenue to prevent its use as a throughway. This was done at the request of Watson Avenue residents due to their concern about increased traffic from a new bank building. In June, 1974, a permanent cul-de-sac was established on Watson Avenue. In 1975, the common council adopted a resolution temporarily closing the west end of Portland Avenue and two years later the street was permanently closed on the west end. In 1979, the common council made Chestnut

---

[2] Appellant Iva Powers Steel requested that she be dismissed from the appeal and her motion was granted by this court on October 17, 1984.

Street a dead-end street. Also in 1979, the common council adopted a resolution to place traffic control regulations at the intersection of Wisconsin Avenue and Pleasant View Street. Finally, in 1983, following the completion of a redevelopment project, part of Harwood Avenue, which had formerly been a through street, was designated a pedestrian mall by the common council.

The appellants, who are property owners in Wauwatosa, argue that the common council has no authority to change a through street into a cul-de-sac; that sec. 66.298, Stats., and Wauwatosa Ordinance 12.44 (both concerning pedestrian malls) offend procedural due process, constitute special legislation and contain inadequate notice provisions; and that the common council, acting under color of state law, interfered with the appellants' right to use the streets.

The appellants first argue that the common council lacked the authority to regulate traffic by creating dead ends and cul-de-sacs. Section 349.03(1), Stats., provides as follows:

Chapters 341 to 348 and 350 shall be uniform in operation throughout the state. No local authority may enact or enforce any traffic regulation unless such regulation:
(a) Is not contrary to or inconsistent with chs. 341 to 348 and 350; or
(b) Is expressly authorized by ss. 349.06 to 349.25 or some other provision of the statutes.

This section provides for uniform traffic regulation by the state. A local authority, however, may enact a traffic regulation if it is not inconsistent with chapters 341 to 348 and 350. Here, it is clear that the creation of a cul-de-sac or dead-end street is not contrary to chapters 341 to 348 or 350, which deal with such topics as vehicle registration and licensing. Both parties agree that no provision of the motor vehicle code addresses the crea-

tion of dead ends or cul-de-sacs. Our supreme court, however, has held that a local traffic regulation is not inconsistent with the motor vehicle code simply because the vehicle code does not contain a provision on the same subject.[3] It is well within a city's municipal power to make reasonable regulations respecting the use of its streets that are not contrary to the letter or spirit of any statute on the subject.[4]

We disagree with the appellants' argument that cul-de-sacs and dead ends interfere with their free use of the streets.[5] It may be more inconvenient and time-consuming to traverse the streets now than before the resolutions, but the streets still may be traveled freely. The appellants rely heavily on *City of Madison v. Reynolds,*[6] in which the supreme court struck down a Madison traffic regulation which restricted one lane of traffic on University Avenue to buses and taxis. The court invalidated the Madison ordinance because it conflicted with sec. 349.03(2), Stats., which provides that "[n]o local authority may enact or enforce any traffic regulation . . . in any manner excluding or prohibiting any motor vehicle . . . from the free use of all highways . . . ." The appellants argue that the Wauwatosa resolutions likewise violate sec. 349.03(2). In *Madison,* unlike the instant case, the free use of the street was denied by the regulation. Here, any driver remains free to use the cul-de-sac or dead-end streets. Thus, the appellants' reliance on *Madison* is inapposite. We agree with the trial court's conclusion that the common council's resolutions satisfied the first alternative of sec. 349.03(1).

[3] *City of Janesville v. Garthwaite,* 83 Wis. 2d 866, 871, 266 N.W. 2d 418, 421 (1978).

[4] *Id.*

[5] *See* sec. 349.03(2), Stats.

[6] 48 Wis. 2d 156, 180 N.W.2d 7 (1970).

The next question is whether the common council's resolutions are valid under the second alternative in sec. 349.03(1), Stats. We agree with the trial court's conclusion that the resolutions are valid under sec. 349.03(1) (b). Under this alternative, no local authority may enact a traffic regulation unless it is expresly authorized by secs. 349.06 to 349.25, Stats., or some other statutory provision. We begin by noting that sec. 62.11(5), Stats., gives the common council the power to manage and control city highways and also states that the city's power to control highways may be limited only by express language. As stated above, no statute expressly forbids the common council from establishing cul-de-sacs or dead-end streets. In *City of Janesville v. Walker*,[7] the supreme court held that sec. 62.11(5) is an express statutory authorization for local traffic regulations under sec. 349.03(1)(b) as long as the local regulation also complies with the strict conformity test of sec. 349.06(1). Section 349.06(1) provides that a local authority may enact any traffic regulation which is in strict conformity with one or more provisions of chapters 341 to 348 and 350. An ordinance which prescribes a higher penalty than that established by statute will fail the strict conformity test.[8]

In *City of Janesville v. Garthwaite,* the supreme court held that a local ordinance prohibiting car tire squealing was in strict conformity with the motor vehicle code even though the legislature had not enacted such a noise control statute. The court determined that the city could regulate the noise in a manner that was not inconsistent with the motor vehicle code. The rationale of *Garthwaite* applies to the instant case. Here, the legislature has not spoken on the subject of traffic regulation via cul-de-sacs

[7] 50 Wis. 2d 35, 38–39, 183 N.W.2d 158, 160 (1971).

[8] *Janesville, supra* note 3, at 873–74, 266 N.W.2d at 422.

and dead-end streets and there is no apparent inconsistency between Wauwatosa's resolutions and the provisions of the motor vehicle code. We therefore hold that the Wauwatosa resolutions were a valid exercise of the common council's police power under sec. 62.11(5), Stats., and that the resolutions met the strict conformity test of sec. 349.06(1), Stats.

The appellants next argue that sec. 66.298, Stats., and Wauwatosa Ordinance 12.44 offend procedural due process. The appellants cite no cases to support this argument; they simply point out twenty-two perceived shortcomings in the statute and ordinance and generally argue that these infirmities render the statute and ordinance unconstitutionally vague. Section 66.298 provides that after a report from the plan commission and after holding a public hearing with publication of notice, the city may designate any street as a pedestrian mall and prohibit the street's use by vehicles.[9] We fail to see how this section violates due process as it is unambiguous and clearly provides for notice and a hearing. We therefore reject the appellants' due process argument.

The appellants also argue that sec. 66.298, Stats., constitutes special legislation and therefore is unconstitutional.[10] The appellants' argument centers on the differ-

---

[9] Sec. 66.298, Stats., on which Wauwatosa Ordinance 12.44 is based, provides as follows:

After referring the matter to the plan commission for report under sec. 62.23(5) and after holding a public hearing on the matter with publication of a Class 1 notice of the hearing, the governing body of any city or village may by ordinance designate any street or public way or any part thereof wholly within its jurisdiction as a pedestrian mall and prohibit or limit the use thereof by vehicular traffic. Creation of such pedestrian malls shall not constitute a discontinuance or vacation of such street or public way under sec. 66.296 or 236.43.

[10] See Wis. Const. art. IV, sec. 31.

ences between sec. 66.610, Stats., which governs the establishment of pedestrian malls in cities of the first class (Milwaukee only), and sec. 66.298, which controls the establishment of pedestrian malls in all other cities and towns in the state. The appellants reason that because sec. 66.610, applicable to Milwaukee, contains more detailed procedures for creating pedestrian malls than does sec. 66.298, the latter section constitutes special legislation.

We reject the appellants' argument. "A law relating to particular persons or things *as a class* is said to be general; while a law relating to particular persons or things *of a class* is deemed special and private."[11] [Emphasis in original.] Section 66.610, Stats., plainly applies only to first class cities and sec. 66.298, Stats., to all other towns and cities. It is difficult to fathom how sec. 66.298, which applies to every town and city in Wisconsin except Milwaukee, could be deemed special legislation. Section 66.298 is a general law.

The appellants next argue that inadequate notice of the public hearing on the pedestrian mall was given. They argue that the intended location of the mall was improperly omitted from the notice. The notice stated the time, date and place of the hearing. It also stated that the hearing would concern "[a]n ordinance creating Chapter 12.44 of the Code of the City of Wauwatosa entitled 'Pedestrian Malls and Ways.'" We agree with the trial court's conclusion that adequate Class 1 notice of the hearing was provided.[12] The notice was not misleading and was sufficient to inform the public of the time, date, place and subject of the hearing.[13] The notice in-

[11] *Madison Metropolitan Sewerage Dist. v. Stein*, 47 Wis. 2d 349, 359-60, 177 N.W.2d 131, 137 (1970).

[12] *See* secs. 985.01-985.07, Stats.

[13] *See City of LaCrosse v. Town of Melrose*, 22 Wis. 459, 464 (1868).

formed interested parties of the common council's proposed ordinance concerning pedestrian malls. We hold that the notice was adequate.

Finally, the appellants argue that the common council, "acting under color of state law," interfered with their right to use the streets, thereby violating 42 USC § 1983. This issue was not raised or considered in the trial court. This court will not consider issues raised for the first time on appeal;[14] thus, we need not address this issue.

*By the Court.*—Order affirmed.

[14] *Allen v. Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977).