E. MICHAEL McCANN, District Attorney Milwaukee County
You have requested my opinion as to the validity of an ordinance adopted by the village of West Milwaukee which authorizes the police department to apply an immobilization device to the automobile of an individual who has ten or more outstanding or otherwise unsettled traffic violations. The pertinent portions of the ordinance read as follows:
 A. A motor vehicle parked on a public street or highway at any time may, by or under the direction of a Police Officer of the Village of West Milwaukee Police Department, be immobilized in such a manner as to prevent its operation if there are ten or more outstanding or otherwise unsettled traffic violations, pending against the owner of such motor vehicles.
. . . .
 C. The owner of such immobilized vehicle or other authorized person, shall be permitted to secure release of the vehicle upon:
 1. Depositing the amount of the penalty for each violation for which there is an outstanding or otherwise unsettled traffic violation notice or warrant; and
 2. The payment of the fees as required by Subsection E of this paragraph.
. . . .
 D. The immobilizing device or mechanism shall remain in place for forty-eight (48) hours unless the owner has complied with Subsection 3 of this Section. If such compliance has not occurred within forty-eight (48) hours the vehicle shall be towed or impounded. Towing and storage fees as specified in *Page 74 
Subsection E of this paragraph shall be paid along with fees specified in Subsection C of this paragraph before the owner of such vehicle, or authorized person, shall be permitted to repossess or secure the release of the vehicle.
 E. The owner of an immobilized vehicle shall be subject to a fee of $35.00 for such immobilization. The owner of an immobilized vehicle which was impounded shall be subject to a total fee of $80.00 plus a fee for storage.
The first question presented is whether the ordinance and the procedures to enforce it violate the due process and equal protection clauses of the fourteenth amendment to the United States Constitution. The second question is whether the ordinance constitutes a valid exercise of a municipality's authority under Wisconsin law. Since I conclude that the ordinance does not constitute a valid exercise of a municipality's authority, the constitutional question is moot.
Villages may manage and control their highways to provide for the public health, safety and welfare except as provided elsewhere in the statutes. Sec. 61.34 (1), Stats. Further, they may regulate parking "beyond the prohibitions, limitations or restrictions imposed by ch. 346, except that they may not modify the exceptions set forth in s. 346.50." Sec. 349.13 (1), Stats. Section 61.34 (5), Stats., mandates a liberal construction of these rights and powers.
Despite the breadth of a village's power over parking violations, a municipality may not exact a penalty greater than that provided for in state law. See Madison v. McManus, 44 Wis.2d 396,401, 171 N.W.2d 426 (1969). In my opinion, the ordinance in question exacts a penalty greater than that authorized by state law. Section 345.28 expressly prescribes the methods by which parking ordinances may be enforced. It provides that forfeitures may be assessed and describes the payment procedures or, in default of payment, it establishes that a summons and warrant may be issued. A request may be made to the Department of Transportation to suspend the registration of the vehicle involved. The Department of Transportation may suspend the registration of the vehicle pursuant to section 341.63 (1)(c). Furthermore, section 349.13 (3) authorizes a municipal traffic officer to move or tow an illegally parked vehicle. However, no statute expressly authorizes a traffic officer to "immobilize" a vehicle. *Page 75 
Moreover, the same principles of statewide uniformity of traffic laws apply to nonparking and other traffic violations. See secs. 349.03 (1)(a) and (b) and 349.06 (1), Stats. A municipality can enact its own law if the Legislature has been silent. See City of Janesville v. Garthwaite, 83 Wis.2d 866,266 N.W.2d 418 (1978) (ordinance could regulate squealing tires because the Legislature had remained silent on the subject). Here, the Legislature has been anything but silent on such traffic violations and the manner of enforcement and forfeiture collection. See sec. 345.47, Stats.
Accordingly, it is my opinion that the ordinance is in excess of current authority provided by the Legislature and thus is not a permissible exercise of the village's authority.
DJH:GBS *Page 76