STATE of Wisconsin, Plaintiff-Appellant,

v.

Ronald Lee BEASLEY, Defendant-Respondent.

Court of Appeals

*No. 91-0821-CR. Submitted on briefs September 27, 1991.—Decided October 9, 1991.*

(Also reported in 477 N.W.2d 57.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Barry M. Levenson,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark Lukoff,* first assistant state public defender.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J.   This is the State of Wisconsin's appeal in a jail escape case. Ronald Lee Beasley was serving sentences in the Racine county jail for operating after revocation as a habitual offender (two counts), and

for operating while intoxicated, fourth offense. He escaped from jail. The state charged Beasley with felony escape under sec. 946.42(3)(a), Stats. The trial court reasoned that the offenses for which Beasley was jailed were "statutory traffic regulations" and concluded that the escape charge must be a misdemeanor. We hold that Beasley was convicted of "crimes" and that persons convicted of crimes are subject to felony escape. We reverse and remand with directions that the state's charge be reinstated.

Resolution of the issue here requires interpretation of our escape statute, sec. 946.42, Stats. Statutory interpretation presents a question of law which we review *de novo. State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). The primary source for construction of a statute is the language of the statute itself. *Hartlaub v. Coachmen Indus., Inc.,* 143 Wis. 2d 791, 797, 422 N.W.2d 869, 871 (Ct. App. 1988). If a statute is clear on its face, we will not look beyond the statute's words. *In re R.H.L.,* 159 Wis. 2d 653, 657, 464 N.W.2d 848, 849 (Ct. App. 1990). With these maxims in mind, we review the statute.

A misdemeanor escape is committed when one escapes following conviction for a "violation of a statutory traffic regulation, a statutory offense for which the penalty is a forfeiture or a municipal ordinance." Section 946.42(2)(a), Stats. Thus, this statute, by its own words, defines the term "statutory traffic regulation."

A felony escape charge occurs when one escapes following conviction of a "crime." Section 946.42(3)(a), Stats. A "crime" is "conduct which is prohibited by state law and punishable by fine or imprisonment or both."

Section 939.12, Stats. "Conduct punishable only by a forfeiture is not a crime." *Id.*

The definitions are clear. If a person can be punished by imprisonment, it is a crime. If a person cannot be so punished by imprisonment, it is not a crime. Beasley was in jail resulting from habitual offender status for driving while revoked, and driving while intoxicated, fourth offense. Both are punishable by jail time. Neither qualifies as a forfeiture. So, under the definition provided by the statute, neither was a violation of a "statutory traffic regulation." If the offense is not a violation of a "statutory traffic regulation," then the jail escape charge is not a misdemeanor.

Beasley denies that sec. 946.42, Stats., defines a traffic regulation. He asserts that because there is no definition by the legislature, we must look to language in a supreme court case for guidance. Beasley cites *City of Janesville v. Garthwaite,* 83 Wis. 2d 866, 869, 266 N.W.2d 418, 420 (1978), where the court wrote, "The plain meaning of the term, traffic regulation, must be construed to mean any regulation which directly affects or is incident to vehicle operation regardless of the purpose for which it was enacted." Beasley concludes that because his offenses concerned the use of a motor vehicle, they are traffic regulations.

We have two responses. First, Beasley is wrong to say that the legislature did not define a "statutory traffic regulation" in sec. 946.42, Stats. It clearly did. Second, the court in *Garthwaite* was not speaking to sec. 946.42 when it wrote the case. *Garthwaite* concerned whether a noise ordinance for automobiles was invalid because it was preempted by the state motor vehicle code. Whether the ordinance was a traffic regulation was conceded by the city of Janesville and was thus not at issue. The

resultant discussion of whether the ordinance was a "traffic regulation" was *dicta* and we will not rely on that authority for the answer here.

The trial court dismissed the felony charge and reduced it to a misdemeanor charge by written order. We reverse that order and remand with directions that the felony charge be reinstated.

*By the Court.*—Order reversed and cause remanded with directions.