CITY OF JANESVILLE, Appellant, V. WALKER, Respondent.

*No. 75.   Argued January 6, 1971.—Decided February 2, 1971.*
(Also reported in 183 N. W. 2d 158.)

For the appellant there was a brief by *T. P. Bidwell,* city attorney, and *Nicholas P. Jones,* assistant city attorney, and oral argument by *Mr. Jones.*

For the respondent there was a brief and oral argument by *James T. Conway* of Edgerton.

HALLOWS, C. J. The state of Wisconsin has preempted the field of traffic regulations by the enactment of chapters 341 to 348 and by sec. 349.03, Stats.,[1] which provides that these chapters shall be uniform in operation throughout the state and no local authority may enact any traffic regulation unless such regulation is

---

[1] Sec. 349.03, Stats., provides in relevant part:

"349.03 **Regulation by local authorities forbidden; exceptions.** (1) Chapters 341 to 348 shall be uniform in operation throughout the state. No local authority may enact or enforce any traffic regulation unless such regulation:

"(a) Is not contrary to or inconsistent with chs. 341 to 348; . . ."

not contrary to or inconsistent with these sections or such regulation is expressly authorized by secs. 349.06 to 349.25 or some other provision of the statutes. By sec. 349.06 [2] the legislature affirmatively delegated to municipalities the power to enact traffic regulations which are in strict conformity with chapters 341 to 348. The city of Janesville argues there is a difference in these two references to municipal power. We think not. Sec. 349.03, in prohibitory language, is the same concept of municipal power which is expressed affirmatively in sec. 349.06. Both refer to the same chapters 341 to 348. These two sections dealing with the power of municipalities to enact traffic regulations must be read together and establish one test.

Ordinance 21.108 of the city of Janesville [3] provides that no owner, operator or occupant of a motor vehicle, whether over or under twenty-one years of age, shall possess any fermented malt beverage in the passenger portion of a vehicle if there is present a person under the age of twenty-one years. The city argues that while its ordinance is not in strict conformity with the govern-

[2] "349.06 **Authority to adopt traffic regulations in strict conformity with state law.** Except for the suspension or revocation of motor vehicle operator's licenses and regulations imposing penalties for operating a motor vehicle upon a highway without a license or while a license is revoked, suspended, canceled or expired or regulations enacted in conformity with s. 346.63 (1) (a), any local authority may enact and enforce any traffic regulation which is in strict conformity with chs. 341 to 348 but the penalty for violation of any of its provisions shall be limited to a forfeiture."

[3] "21.108 **No person shall have possession of fermented malt beverages in motor vehicle.** If any person under the age of twenty-one years, unaccompanied by any parent or guardian, is present within the motor vehicle, no person whether over or under twenty-one years of age, being the owner, operator or occupant of this vehicle, shall have possession of any fermented malt beverages in that portion of said motor vehicle in which passengers customarily ride."

ing state statute, sec. 346.93,[4] the ordinance is not contrary to or inconsistent with it, and merely extends the regulation of sec. 346.93. The city relies on *Fox v. Racine* (1937), 225 Wis. 542, 546, 275 N. W. 513, and *Milwaukee v. Piscuine* (1963), 18 Wis. 2d 599, 603, 119 N. W. 2d 442. However, the ordinances in these cases did not involve traffic regulations or the power to enact them.

In *Piscuine* the court dealt with the power of Milwaukee to enact a regulation in the field of intoxicating liquors under its home-rule powers granted in sec. 62.11 (5), Stats. 1961, and under sec. 66.054 (12), (13), and sec. 176.43, which sections respectively permit cities to enact additional regulations in or upon the sale of fermented malt beverage and intoxicating liquor "not in conflict" with the state law. The state liquor regulations did not purport to pre-empt the field and *Piscuine* held in view of the power to enact additional regulations that a regulation not in conflict could go "further in its regulation" than the state law. *Piscuine* also relied on *Fox v. Racine, supra,* which held sec. 352.48 (1), Stats. 1935, prohibiting walkathons when their duration exceeded a time period, was not an "express language" limitation upon the police power conferred on a municipality by sec. 62.11 (5). But in *Madison v. Reynolds* (1970), 48 Wis. 2d 156, 180 N. W. 2d 7, this court held the police power of a municipality conferred by sec. 62.11 (5) was limited by sec. 349.03 as an express limitation thereon in the field of traffic regulations. Thus any exercise of the police power in the field cov-

---

[4] Sec. 346.93 provides: "No person under the age of 21 years, unless he is a parent, guardian or spouse of the minor, may knowingly possess, transport or have under his control any intoxicating liquor in any motor vehicle, or knowingly possess, transport or have under his control any malt beverage in any motor vehicle while any person under 18 years of age is a passenger or present in such motor vehicle . . ."

ered by chapters 341 to 348 must find its source in sec. 349.06 and comply with the strict conformity test. The argument of the city that it has the general police power to pass the traffic ordinance in question is without merit.

In *Madison v. McManus* (1969), 44 Wis. 2d 396, 171 N. W. 2d 426, we dealt with the relationship between the police power and sec. 349.06, Stats., and held that a city ordinance having for its subject matter a traffic regulation must be in strict conformity with state law, and while the ordinance need not be a carbon copy of the state statute, its penalty could not exceed that imposed by the state which had pre-empted the field. Thus while a traffic ordinance may be less severe in coverage or penalty than a state statute, it cannot be more severe or go beyond the statute and prohibit an act therein allowed or increase the amount of a penalty.

In analyzing the ordinance 21.108, we find it conflicts, is inconsistent, and is not in strict conformity with sec. 346.93, Stats., in the following respects. The statute requires "knowing possession" while the ordinance enlarges this by requiring only "possession." The statute prohibits possession by a person under the age of twenty-one years, but the ordinance enlarges this restriction to include persons over twenty-one. The statute applies only when the passenger is a minor under eighteen years of age, but the ordinance extends this category to include passengers between the ages of eighteen and twenty-one years. Thus the ordinance forbids what the statute does not forbid and in that respect creates liability beyond the scope of the statute. While the ordinance does not attempt to authorize what is expressly prohibited by statute, this is not the test of a municipality's power in the area of traffic regulations. This ordinance exceeds, as the ordinance did in the *McManus Case*, and forbids in an area pre-empted by the state, in order to have

uniformity, what the state law does not forbid. *See Madison v. Reynolds, supra.*

Both the county court, which tried this case, and the circuit court, which reviewed it, were correct in their decisions and should be affirmed. Because of the inadequacy of the respondent's brief, no costs will be allowed.

*By the Court.*—Order affirmed, without costs.