DAVID B. DEDA, District Attorney, Price County
You request my opinion whether a county traffic ordinance which is in strict conformity with state regulations can be made applicable to town roads which are not part of the state or county trunk systems.
I am of the opinion that it can.
In 30 OAG 431 (1941) and 38 OAG 184 (1949), it was stated that the scope of a county highway traffic ordinance was limited to highways maintained at the expense of the county and state, or *Page 173 
either of them, and could not include city or town highways wholly supported by such municipalities. The conclusion was primarily based on former sec. 59.07 (11), Stats., which empowered the county board to enact ordinances regulating traffic ". . . of all kinds on any highway . . . in the county which is maintained at the expense of the county and state, or either thereof . . ." That statute was subsequently repealed. However, even under that statute it was generally conceded that, where a county trunk ran through a city, traffic regulation on such highway was subject to state statutes, and to both city and county traffic ordinances which were in conformity with state regulations.
Under present statutes, the field of traffic regulations has been preempted by the state. City of Janesville v. Walker (1971),50 Wis.2d 35, 183 N.W.2d 158. State traffic regulations are applicable to all highways within the state. That does not mean that municipalities are without power to enact ordinances which regulate traffic on all highways within their respective boundaries. The Walker case holds that sec. 349.03, Stats., providing that the traffic law shall be uniform in operation throughout the state and that no local authority may enact any traffic regulation unless it is not contrary or inconsistent with the statutes or is expressly authorized by statute, and sec.349.06, Stats., which affirmatively delegates to local authorities power to enact traffic regulations which are in strict conformity with state traffic statutes, must be read together and establish but one test for validity of municipal traffic regulations.
I find nothing in chs. 59, 60, 340 to 348, which limits the power of a county to enact traffic regulations so as to be only applicable to highways which are maintained at the expense of the county and state, or either. Nor do I find statutory authority giving towns the exclusive right to enact traffic ordinances which shall be applicable to town roads. Jurisdiction for the purposes of traffic regulation is separate and apart from the duty of a municipality to construct and maintain a highway.
Town roads in a town within a county are within the corporate boundaries of a county. The statutes contemplate that there may be overlapping jurisdiction as between the state, county and town, city or village insofar as traffic regulation on highways is concerned. See discussions at 46 OAG 280 (1957), 58 OAG 72 *Page 174 
(1969) and 61 OAG 79, 85 (1972), as to overlapping jurisdiction problems. Unless limited by statute, a municipality or quasi-municipality, such as a county, has power to enact ordinances which are applicable to all territory within its corporate limits.
Section 59.07 (64), Stats., empowers the county board to enact ordinances to preserve the public peace and good order within the county. Section 59.24, Stats., provides that the sheriffs and their undersheriffs and deputies shall keep and preserve the peace in their respective counties and their primary duty is to preserve law and order throughout the county. Andreski v.Industrial Comm. (1952), 261 Wis. 234, 241, 52 N.W.2d 135. Under sec. 83.016 (1), Stats., the county board may ". . . appoint traffic patrolmen for the enforcement of laws relating to thehighways or their use . . ." (Emphasis added.)
Section 349.01, Stats., provides that the definitions in sec.340.01, Stats., shall apply to ch. 349, Stats.
Section 349.06, Stats., provides that, except for exceptions not material here, ". . . any local authority may enact and enforce any traffic regulation which is in strict conformity with . . . chs. 341 to 348 . . ." (Emphasis added.)
Chapters 341 to 348 are primarily concerned with traffic regulations on highways. Section 340.01 (22), Stats., defines "highway" as:
 "(22) `Highway' means all public ways and thoroughfares and bridges on the same. . . ."
Also see sec. 990.01, (12), Stats., for a similar definition.
Section 340.01 (26), (27), Stats., provides:
 "(26) `Local authorities' means every county board, city council, town or village board or other local agency having authority under the constitution and laws of this state to adopt traffic regulations.
 "(27) `Local ordinance which is in conformity therewith' means a local traffic regulation enacted pursuant to s. 349.06."
The county is a local authority and in my opinion can enact and enforce a traffic ordinance in strict conformity with state statutes *Page 175 
which is applicable to all highways within a county, including town roads.
BCL:RJV