**Richard Bernard RECKER, Jr.,
Petitioner, Appellant,**

v.

**STATE of Minnesota, DEPARTMENT
OF PUBLIC SAFETY, Respondent.**

No. C3–85–1274.

Court of Appeals of Minnesota.

Oct. 22, 1985.

Robert G. Davis, Jr., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

The Commissioner of Public Safety revoked, canceled and denied appellant's driving privileges. Appellant brought a petition for reinstatement and the district court denied all relief. Appellant appeals the denial to this court. We affirm.

## FACTS

On January 15, 1983, appellant Recker was driving a car in Wisconsin, from Minnesota en route to Toronto, Canada. He stopped with some friends for dinner at a bar and grill, where he had some food and beer. After dinner, he resumed his trip. In attempting to reenter the freeway, he turned onto the wrong ramp and headed in the wrong direction. Upon realizing his mistake, and because it was late and he was tired, he exited the freeway, pulled onto the shoulder of an intersecting road, and went to sleep. Sometime later that evening, he was awakened by a patrolman, who had stopped to investigate. Recker was subsequently arrested and charged with driving under the influence. He asked to have an attorney appointed to represent him because he was indigent. His request was denied because, under Wisconsin law, he was charged with a violation of a traffic regulation, the conviction of which carried a maximum penalty of a fine without incarceration. He subsequently pleaded guilty to the violation and was fined.

The Commissioner learned of the conviction and revoked Recker's driving privileges under Minn.Stat. § 171.17(7) (1982), and canceled and indefinitely denied all driving privileges under Minn.Stat. §§ 171.-14 and 171.04(8) (1982).

Recker and his attorney each discussed the matter with the Commissioner. Recker then filed a petition for reinstatement with the district court, which was denied after hearing.

## ISSUES

1. Whether a first conviction under Wis. Stat. § 346.63(1)(a) (1981–82) can be used as a conviction for purposes of Minn.Stat. § 171.17(7)?

2. Whether failure to provide appellant, who alleged he was indigent, with legal assistance renders the conviction inherently unreliable for use under Minn.Stat. § 171.-17(7)?

## ANALYSIS

### I.

Recker argues that he was never convicted of a revocable offense within the meaning of Minn.Stat. § 171.17.

Minn.Stat. § 171.17(7) (1982) provides:

The department [of public safety] shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses:

*　　*　　*　　*　　*　　*

(7) *Conviction* of an offense in another state which, if committed in this state, would be grounds for the revocation of the driver's license.

(Emphasis added).

Recker contends that, because no criminal offense was charged or prosecuted under Wisconsin law, he does not have a conviction under that law. Recker pleaded guilty to Wis.Stat. § 346.63(1)(a) (1981–82) which provides in relevant part:

No person may drive or operate a motor vehicle while:

(a) Under the influence of an intoxi-.cant * * *.

The penalty is:

Any person violating s. 346.63(1)

(a) Shall forfeit not less than $150 nor more than $300, except as provided in par. (b) or (c).

Wis.Stat. § 346.65(2) (1981–82). A first violation of § 346.63(1) is not a criminal act. *State v. Albright,* 98 Wis.2d 663, 673, 298 N.W.2d 196, 202 (Wis.Ct.App.1980). Recker contends, therefore, that his plea of guilty under section 346.63(1) cannot be considered a conviction under Minn.Stat.

§ 171.17(7). We cannot agree. While Wisconsin does not consider a first conviction under section 346.63(1) to be a criminal matter, it does consider it to be a conviction. *See State v. Novak,* 107 Wis.2d 31, 34, 318 N.W.2d 364, 366 (1982).

"Conviction" is defined for purposes of chapter 171 as:

[A] final conviction either after trial or upon a plea of guilty; also a forfeiture of cash or collateral deposited to guarantee a defendant's appearance in court, which forfeiture has not been vacated, or a breach of a condition of release without bail, including violation of a written promise to appear, is equivalent to a conviction.

Minn.Stat. § 171.01, subd. 13 (1982). A conviction for purposes of chapter 171 is therefore not limited strictly to criminal convictions. The term has a broader meaning.

Finally, in determining whether a conviction from another state should be considered for purposes of Minn.Stat. § 171.-17(7), the court must examine whether the elements of the other state's offense would justify a conviction under Minnesota law. *Anderson v. State,* 305 N.W.2d 786 (Minn. 1981). In Minnesota, the relevant statute provides:

It is a misdemeanor for any person to drive, operate or be in physical control of any motor vehicle within this state:

(a) When the person is under the influence of alcohol * * *.

Minn.Stat. § 169.121, subd. 1 (1982).

The statute under which appellant was convicted in Wisconsin reads:

No person may drive or operate a motor vehicle while:

(a) Under the influence of an intoxicant * * *.

Wis.Stat. § 346.63(1) (1981–82). The Minnesota statute encompasses all elements of the Wisconsin statute, and is even broader. Recker did plead guilty to violating the Wisconsin statute. The conviction was properly considered under Minn.Stat. § 171.17(7) in determining whether his license should be revoked.

II.

■ Recker also contends that because his plea was uncounseled, his conviction is inherently unreliable. He requested appointed counsel based on his indigency, but was informed that he was not eligible for public defender services because he was not charged with a criminal offense. He contends that insuring the reliability of the conviction is the constitutional policy basis underlying the rule enunciated in *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In *Baldasar,* the United States Supreme Court refused to allow an uncounseled misdemeanor conviction to be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony. Similarly, in *State v. Nordstrom,* 331 N.W.2d 901 (Minn.1983), the Minnesota Supreme Court held that:

Absent [the] valid waiver on the record of defendant's right to counsel, the misdemeanor DWI conviction based on an uncounseled plea of guilty cannot be used as the basis of a gross misdemeanor charge under section 169.121, subds. 1 and 3.

*Id.* at 905. *Baldasar* and *Nordstrom* involved criminal cases where there were neither advisories nor valid waivers of the defendants' right to counsel. Recker concedes that *Baldasar* and *Nordstrom* are not strictly applicable here, because this case involves a civil rather than a penal sanction. Nonetheless, he argues he is entitled to counsel prior to being convicted of an offense which would be grounds for revoking his driving privileges. We must decide whether failure to provide counsel to a defendant who alleges he is indigent renders the subsequent conviction so unreliable that it cannot be used as a basis for revoking his driving privileges.

The concern expressed in *Baldasar* and *Nordstrom* was that an uncounseled prior conviction (a theft conviction in *Baldasar* and a DWI conviction in *Nordstrom*) not be used to enhance a subsequent similar charge from a misdemeanor to a more serious category of offense. That concern is

not relevant here. The revocation of Recker's driving privileges resulting from his uncounseled plea does not subject him to punishment or incarceration, but instead it is "an exercise of the police power for the protection of the public." *State v. Normandin,* 284 Minn. 24, 26, 169 N.W.2d 222, 224 (1969). We agree with the trial court that "no authority exists to support the proposition that, in a proceeding involving the potential penalty of a loss of driving privileges, an indigent defendant is entitled to have counsel provided to him."

Recker contends that there were various irregularities in his conviction. There is no showing that the uncounseled nature of the plea made it so inherently unreliable that it cannot be used to revoke appellant's driving privileges.

## DECISION

The Commissioner of Public Safety properly relied upon appellant's Wisconsin conviction for purposes of revoking his driving privileges under Minn.Stat. § 171.17(7). The Wisconsin court's failure to appoint counsel for appellant, where the potential sentence was a fine, did not render the conviction unreliable so as to preclude its use under Minn.Stat. § 171.17(7).

Affirmed.