STATE of Wisconsin, Plaintiff-Appellant,

v.

David F. MATTSON, Defendant-Respondent.

Court of Appeals

*No. 86–1458–CR. Submitted on briefs January 26, 1987.—
Decided May 5, 1987.*

(Also reported in 409 N.W.2d 138.)

For the plaintiff-appellant, there was a brief submitted by *Christine Misurek* of Hudson.

For the defendant-respondent, there were briefs submitted by *Charles Bennett Vetzner,* assistant state public defender of Madison, and *John A. Kucinski,* assistant state public defender of Hudson.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The state appeals an order dismissing a complaint charging David F. Mattson with second-offense drunken driving. The state argues that the trial court erred by concluding that a Minnesota drunken driving conviction could not be counted as a prior conviction under Wisconsin law for purposes of penalty enhancement. We conclude that the trial court properly determined that Minnesota's drunken driving statute is not in conformity with Wisconsin's statute and that, therefore, a conviction under Minnesota's law cannot be counted as a prior conviction for purposes of penalty enhancement under Wisconsin law. The order is affirmed.

The facts are undisputed. In June, 1985, David Mattson was convicted under Minnesota law for drunken driving. In February, 1986, Mattson was arrested in Wisconsin for operating a motor vehicle

25

while under the influence of an intoxicant and with a blood alcohol concentration (BAC) of .10% or more, contrary to sec. 346.63(1)(a) and (b), Stats.[1] Pursuant to sec. 346.65(2)(b), Stats., the state relied on the prior Minnesota conviction for purposes of penalty enhancement and charged Mattson as a second offender. Section 346.65(2)(b) imposes increased penalties for a second conviction under sec. 346.63(1) within a five-year period. The statute also provides that "[i]f a person has a conviction for any offense under a local ordinance in or a state statute of another state which is in conformity with s. 346.63(1)(a) or (b) or both, that conviction shall count as a prior conviction ...."

The sole issue before the trial court and on appeal is whether Minnesota's drunken driving statute, Minn. Stats., sec. 169.121(1) (1984),[2] is in "conformity" with its Wisconsin counterpart, sec. 346.63(1), for purposes of penalty enhancement under sec.

---

[1]Section 346.63(1)(a) and (b), Stats., provides in part:

No person may drive or operate a motor vehicle while:
 (a) Under the influence of an intoxicant ... to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or
 (b) The person has a blood alcohol concentration of 0.1% or more by weight of alcohol in that person's blood or 0.1 grams or more of alcohol in 210 liters of that person's breath.

[2]Minnesota's statute, sec. 169.121, provides in part:

It is a misdemeanor for any person to drive, operate or be in physical control of any motor vehicle within this state:
 (a) When the person is under the influence of alcohol;
 . . . .
 (d) When the person's alcohol concentration is 0.10 or more; or
 (e) When the person's alcohol concentration as measured within two hours of the time of driving is 0.10 or more.

346.65(2)(b). In addressing this issue, we have been urged to adopt differing analyses. Mattson has asked this court to employ a "strict conformity" approach, as has been used to determine whether a local ordinance is contrary to or inconsistent with a state statute. *See City of Janesville v. Walker*, 50 Wis. 2d 35, 37, 183 N.W.2d 158, 159 (1971); secs. 349.03(1) and 349.06(1), Stats. The attorney general asserts that the proper analysis is a substantive elements approach that focuses on the specific factual circumstances and the type of misconduct underlying the prior conviction.[3] *See* Op. Att'y Gen., slip. op. (Sept. 11, 1986). We decline to adopt either of these analyses. The trial court concluded that Minnesota's statute was not in conformity with that of Wisconsin because the elements underlying the two statutes are substantively different. We agree with the court's analysis and its conclusion.

When the facts are undisputed, the question presented on appeal is one of law. *See State v. Williams*, 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 605 (1981). Moreover, the interpretation of a statute and its application to a particular set of facts are questions

[3]Pursuant to sec. 809.41(3), Stats., the chief judge ordered that this appeal be decided by a three-judge panel and that the attorney general be given an opportunity to participate. The attorney general has not filed a brief with this court. The attorney general has, however, filed his prior opinion, referred to in our decision, on the issue presented in this case. We note that an attorney general's opinion is only entitled to such persuasive effect as a reviewing court deems the opinion to warrant. *State v. Gilbert*, 115 Wis. 2d 371, 380, 340 N.W.2d 511, 516 (1983). For reasons evident in our decision, we find the attorney general's opinion unpersuasive.

27

of law. *Glover v. Marine Bank,* 117 Wis. 2d 684, 691, 345 N.W.2d 449, 452 (1984). We review questions of law without deference to the trial court's decision. *Id.*

■ The definition of "conformity" contained in sec. 343.307, Stats., must govern our answer to the question in this case. If a word is specifically defined by statute, its meaning as defined by that statute must be given effect. *Sullivan Bros., Inc. v. State Bank,* 107 Wis. 2d 641, 645, 321 N.W.2d 545, 547 (Ct. App. 1982). Section 343.307, Stats., defines conformity:

> If the same elements of the offense must be proved under a local ordinance or state statute of another state as under s. 346.63(1)(a) or (b) or both, the local ordinance or state statute of the other state shall be considered to be in conformity with s. 346.63(1)(a) or (b) or both for purposes ... [of s.] 346.65(2)(b) ....

Minnesota's drunken driving statute is in conformity with that of Wisconsin only if the elements to be proved under Minnesota's statute are the same as under the Wisconsin statute. By the language of sec. 343.307, we must examine Minnesota's statute in its entirety, rather than focusing on only those portions that conform to the Wisconsin statute.

The state argues that even under the analysis, Minnesota's drunken driving statute is in conformity with its Wisconsin counterpart because the elements underlying the two are substantively similar. We disagree because Minnesota's statute prohibits not only the same conduct prohibited under Wisconsin's statute, but also encompasses prohibitions not reflected in Wisconsin's statute.

28

Minnesota has made it a crime to drive, operate, or be in "physical control" of a motor vehicle while under the influence of an intoxicant. Several Minnesota cases have held that an intoxicated person's presence in a motor vehicle without the motor running or the key in the ignition is sufficient to meet the physical control requirement. *State v. Maletich,* 384 N.W.2d 586, 588 (Minn. Ct. App. 1986); *Martin v. Comm'r of Public Safety,* 358 N.W.2d 734, 737 (Minn. Ct. App. 1984). Under Wisconsin's statute, it is not an offense to simply be in physical control of a motor vehicle while under the influence. *See County of Milwaukee v. Proegler,* 95 Wis. 2d 614, 625, 291 N.W.2d 608, 613 (Ct. App. 1980); sec. 346.63(3), Stats.

In addition, Minnesota's definition of a "motor vehicle" includes snowmobiles, whereas Wisconsin's definition does not. Minn. Stats., sec. 169.01(3) (1984); sec. 340.01(35), Stats. Wisconsin has consistently refused to include drunken snowmobiling as an offense under its drunken driving statute. *See* sec. 346.02(10), Stats. In Wisconsin, the intoxicated operation of a snowmobile is governed by a separate provision, sec. 350.08, Stats. Minnesota, however, because its definition of motor vehicle encompasses a snowmobile, considers drunken snowmobiling an offense under its drunken driving statute. *Melby v. Comm'r of Public Safety,* 367 N.W.2d 527, 529 (Minn. 1985).

Wisconsin and Minnesota also treat the operation of a motor vehicle on private property differently. Wisconsin's law prohibits the intoxicated operation of a motor vehicle on public roadways and "all premises held out to the public for use of their motor vehicles, whether such premises are publicly or privately owned . . . ." On the other hand, Minnesota's drunken

driving law applies to all private property. *Schafer v. Comm'r of Public Safety,* 348 N.W.2d 365, 367 (Minn. Ct. App. 1984).

Another substantive difference is that Minnesota has chosen to make it a crime to have a BAC of .10% or more within two hours after driving. In Wisconsin, a BAC of .10% or more is prohibited when driving or operating without regard to BAC levels at a later time.

■

The elements of Minnesota's drunken driving statute, sec. 169.121(1), are significantly different from those of its Wisconsin counterpart, sec. 346.63(1). These differences are substantive in nature, are not merely technical or procedural, and reflect different philosophies. Minnesota has chosen to prohibit conduct not prohibited in Wisconsin. A conviction under Minnesota's law may therefore reflect conduct permissible in Wisconsin. Counting convictions under Minnesota's law as prior convictions for purposes of penalty enhancement under sec. 346.65(2) would result in enhanced penalties based upon conduct that Wisconsin has elected not to prohibit under its drunken driving statute. Accordingly, we conclude that Minnesota's statute is not in conformity with Wisconsin's statute.

In reaching our conclusion, we recognize that in *Recker v. Department of Public Safety,* 375 N.W.2d 554, 556 (Minn. Ct. App. 1985), the court found Wisconsin's drunken driving statute to be in conformity with Minnesota's statute. The court concluded that a conviction under Wisconsin's law could be counted as a prior conviction for penalty enhancement purposes under its own law. *Id.* In so doing, the court acknowledged that Minnesota has enacted a drunken

30

driving law that is far broader than its Wisconsin counterpart. *Id.* The court held that the broader statute encompasses the narrower and, accordingly, found conformity. The converse, however, does not apply. The narrower Wisconsin statute does not encompass the broader Minnesota statute because Minnesota's statute prohibits not only the same conduct prohibited under Wisconsin's statute, but also prohibits conduct not prohibited under Wisconsin law.

*By the Court.*—Order affirmed.