STATE of Wisconsin, Plaintiff-Respondent,

v.

Gerald F. WHITE, Defendant-Appellant.

Court of Appeals

*No. 92–3013–CR. Submitted on briefs April 30, 1993.—Decided May 11, 1993.*

(Also reported in 501 N.W.2d 463.)

For the defendant-appellant the cause was submitted on the brief of *Robert W. McKinley* of *McKinley & Anderson* of Chippewa Falls.

For the plaintiff-respondent the cause was submitted on the brief of *James D. Babbitt*, assistant district attorney, of Barron.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Gerald White appeals a judgment convicting him of operating while intoxicated and operating after revocation, in violation of secs. 346.63(1) and 343.44(1), Stats., as an habitual traffic offender.[1] He contends that the trial court erred by concluding that his two prior Minnesota convictions for OWI constitute prior convictions that, together with his Wisconsin prior OWI conviction, justify penalty enhancement under sec. 346.65(2)(d). He argues that because the Minnesota OWI statute does not conform to sec. 346.63(1), the trial court was precluded from counting the Minnesota convictions as prior convic-

---

[1] This is a three-judge appeal pursuant to the chief judge's order of May 6, 1993.

tions for sentencing purposes in Wisconsin. Because we conclude that the Minnesota OWI statute meets the prerequisite in sec. 343.307, the trial court properly considered White's two Minnesota OWI convictions for purposes of determining the proper sentence. The judgment is affirmed.

The facts are undisputed. In May 1992, a jury convicted White of operating while intoxicated. During 1990, White was convicted three times of OWI, once in Wisconsin and twice in Minnesota. At the sentencing hearing, White objected to the court's consideration of his Minnesota convictions for penalty enhancement purposes. The trial court concluded that, under sec. 343.307, Stats., the Minnesota OWI statute is in conformity with sec. 346.63(1), Stats., and that White's Minnesota convictions could be considered for penalty enhancement purposes. The court then sentenced White for OWI, fourth offense.

■

The issue whether the Minnesota OWI convictions may be considered for sentencing purposes involves the application of statutes to undisputed facts, a question of law that we review independently of the trial court's determinations. *See State v. Pham*, 137 Wis. 2d 31, 33–34, 403 N.W.2d 35, 36 (1987).

Wisconsin Stat. Ann. sec. 343.307(1) (West. Supp. 1992),[2] entitled "Prior convictions to be counted," explains the prerequisites for considering prior convictions for sentencing purposes:

> For purposes of counting the number of . . . convictions under s. . . . 346.65(2) . . . convictions for violations under s. 346.63(1) [and] . . . *convictions*

[2] This statute was subsequently amended, effective January 1, 1993. However, the statute's substance is unchanged.

*under the law of another jurisdiction that prohibits*
*. . . use of a motor vehicle while intoxicated . . .* as
those or substantially similar terms are used in that
jurisdiction's laws *. . . shall be counted and given the*
*effect specified under s. . . . 346.65(2) . . . .* (Emphasis
added.)

Minnesota Stat. sec. 169.121(1)(a) provides, "It is a
crime for any person to drive, operate, or be in physical
control of any motor vehicle within this state . . . when
the person is under the influence of alcohol[.]" Minne-
sota's OWI statute therefore prohibits the use of a
motor vehicle while intoxicated within the meaning of
sec. 343.307, Stats. We conclude that White's Minne-
sota OWI convictions count as prior convictions under
sec. 346.65(2), Stats., because the Minnesota OWI stat-
ute meets the prerequisites of sec. 343.307. Therefore,
the trial court properly sentenced White for OWI,
fourth offense, under sec. 346.65(2)(d).

White contends that his Minnesota OWI convic-
tions cannot be counted in Wisconsin, citing *State v.*
*Mattson*, 140 Wis. 2d 24, 28–29, 409 N.W.2d 138,
140–41 (Ct. App. 1987), where we held that Minne-
sota's OWI statute is not in conformity with
Wisconsin's OWI statute, as conformity is defined in
sec. 343.307, Stats. When *Mattson* was decided, sec.
343.307 (1987–88), defined conformity as follows: "If
the same elements of the offense must be proved under
a local ordinance or state statute of another state as
under s. .346.63(1)(a) . . . the local ordinance or state
statute of the other state shall be considered to be in
conformity with s. 346.63(1)(a) . . . for purposes of [s.]
. . . 346.65(2) . . . ." Under that statute, OWI convictions
in other states were counted for penalty enhancement
purposes only if the state's OWI law required the same

elements to be proven as Wisconsin's OWI statute. *See Mattson*, 140 Wis. 2d at 28, 409 N.W.2d at 140.

However, sec. 343.307, Stats., has been amended since this court's decision in *Mattson*. Section 343.307(1), Stats. (1991), no longer mandates that, to be in conformity with Wisconsin's OWI statute, other state statutes must require the same elements of the offense to be proved as Wisconsin's OWI statute. The current statute only requires other state statutes to prohibit the use of a motor vehicle while intoxicated.

White contends that, despite the amendments to sec. 343.307, Stats., sec. 346.65(2), Stats., still requires other state statutes to be in conformity with Wisconsin's OWI statute. Wisconsin Stat. Ann. subsec. (2)(d) (West Supp. 1992) provides in part:

> Any person violating s. 346.63(1):
>      (d)   Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 60 days nor more than one year in the county jail if the total number of . . . convictions . . . under s. 346.63(1) or a local ordinance in conformity therewith, or a law of a federally recognized American Indian tribe or band in this state in conformity with s. . . . 346.63(1) . . . equals 4 in a 5-year period . . . .

Section 346.65(2) only requires local ordinances and laws of federally recognized American Indian tribes to be in conformity with Wisconsin's OWI statute. Section 346.65(2) does not express any prerequisites for counting out-of-state OWI convictions as prior convictions for sentencing purposes. Because the language of the statutes is unambiguous and the statutes do not conflict, we need not address White's or the state's

legislative history arguments. *See Pham*, 137 Wis. 2d at 34, 403 N.W.2d at 36. Because Minnesota's OWI statute prohibits intoxicated use of a motor vehicle, current sec. 343.307 requires the trial court to count White's Minnesota OWI convictions and give them the effect specified in sec. 346.64(2). Therefore, White has a total of four convictions for sentencing purposes. Because the trial court correctly applied the law when it convicted and sentenced White, we affirm the judgment.

*By the Court.*—Judgment affirmed.