COUNTY OF FOND DU LAC, Plaintiff-Respondent,

v.

Stuart D. MUCHE, Defendant-Appellant.

Court of Appeals

*No. 2015AP2223. Submitted on briefs June 28, 2016.
—Decided October 26, 2016.*

2016 WI App 84

(Also reported in 888 N.W.2d 12.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Alexander L. Ullenberg* and *Kevin M. Lastres* of *Ullenberg Law Offices SC*, Fond du Lac.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Curtis A. Borsheim*, assistant district attorney of Fond du Lac.

A nonparty brief was filed by *Andrew T. Phillips* and *Patrick C. Henneger* of *von Briesen & Roper, S.C.* of Milwaukee, for Wisconsin Counties Association.

Before Neubauer, C.J., Reilly, P.J., and Hagedorn, J.

¶ 1. NEUBAUER, C.J.[1] This appeal addresses whether Fond du Lac County's social host ordinance is in strict conformity with Wis. Stat. § 125.07(1), which establishes restrictions relating to alcohol and underage persons. We hold that it is not. We reverse and remand for dismissal of the forfeiture imposed upon Stuart D. Muche.

## BACKGROUND

¶ 2. Muche was found to have violated the County's social host ordinance, and the parties stipulated to the following facts. On June 20, 2015, Muche hosted a party for friends and family at his home in Van Dyne, Wisconsin, located in Fond du Lac County, to celebrate his son's high school graduation. Alcoholic beverages were served at the party. Toward the end of the evening, at 11:02 p.m., "persons under the age of 21 . . . who were not invited by Mr. Muche, joined the gathering." Muche had reason to believe that these underage individuals brought beer to the party and "intended to or were consuming it." Muche confiscated their keys shortly before county sheriff's deputies arrived on the scene. Muche admitted that he did nothing to stop the underage individuals from drinking the alcohol they brought to the party, but he maintains that he did not host an underage drinking party. Muche was cited for violating Fond du Lac County Ordinance § 6–5, the social host ordinance.

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under Wis. Stat. § 752.31(3) and Wis. Stat. Rule 809.41(1) (2013–14). All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

¶ 3. The social host ordinance provides:

> It is unlawful for any person(s) to host or allow[2] an
> event or gathering[3] at any residence, premises or on
> any other private or public property[4] where alcohol
> or alcoholic beverages are present when the person
> knows that an underage person will or does consume
> any alcohol or alcoholic beverage or will or does pos-
> sess any alcohol or alcoholic beverage with the intent
> to consume it and the person fails to take reasonable
> steps to prevent possession or consumption by the
> underage person(s).

Fond du Lac County, Wis., Social Host Ordinance
§ 6–5(d) (Mar. 20, 2012). An individual may also be
held responsible for violating the ordinance "if the
person intentionally aids, advises, hires, counsels or
conspires with or otherwise procures another to com-
mit the prohibited act" or even if the individual who
hosts the event or gathering is not present at the time.[5]
Ord. § 6–5(d)(1)-(2).

---

[2] To "host" or "allow" an event "means to aid, conduct,
entertain, organize, supervise, control or permit a gathering or
event." Fond du Lac County, Wis., Social Host Ordinance
§ 6–5(b) (Mar. 20, 2012).

[3] An "event" or "gathering" is defined as "any group of
three or more persons who have assembled or gathered to-
gether for a social occasion or other activity." Ord. § 6–5(b).

[4] "Residence," "premises," or "public or private property"
encompasses "any home, yard, farm, field, land, apartment,
condominium, hotel or motel room or other dwelling unit, or a
hall or meeting room, park or any other place of assembly,
whether occupied on a temporary or permanent basis, whether
occupied as a dwelling or specifically for a party or other social
function, and whether owned, leased, rented or used with or
without permission or compensation." Ord. § 6–5(b).

[5] The ordinance, however, does not apply to conduct solely
between an underage person and a parent, protected religious

¶ 4. Muche filed a motion to dismiss the citation, arguing that Wisconsin counties cannot enact their own rules proscribing conduct related to underage alcohol consumption and, further, that any ordinance must strictly conform to state statute WIS. STAT. § 125.07(1).

¶ 5. The circuit court denied Muche's motion, noting that the court was not convinced that the legislature's purpose under WIS. STAT. ch. 125 was to completely occupy the regulatory field of alcoholic beverages. The court questioned whether counties actually have no authority to pass further regulation. The court found that Muche violated the social host ordinance and imposed a $1000 civil forfeiture. Muche appeals.

## DISCUSSION

■

¶ 6. The issue presented is one of statutory interpretation: is Fond du Lac County Ordinance § 6–5 in strict conformity with WIS. STAT. § 125.07(1)? Interpretation and application of statutes are questions of law that we review de novo. *Phelps v. Physicians Ins. Co. of Wis., Inc.*, 2009 WI 74, ¶ 36, 319 Wis. 2d 1, 768 N.W.2d 615.

### *The Law of Strict Conformity*

■

¶ 7. Our legislature has declared that the regulation of alcoholic beverages is a matter of statewide concern that requires "uniform statewide regulation."

observances, lawful possession of alcohol in the course and scope of employment, or solely due to an individual's status as the legal owner or renter of the premises. Ord. § 6–5(e)(1)-(4).

Wis. Stat. § 125.01. In Wisconsin, a county, as a "crea-ture[] of the Legislature," has only those powers that the State chooses to delegate. *State ex rel. Teunas v. County of Kenosha*, 142 Wis. 2d 498, 504, 418 N.W.2d 833 (1988) (citation omitted). Wisconsin counties are granted broad statutory home rule power[6] under Wis. Stat. § 59.03, which provides that "[e]very county may exercise any organizational or administrative power, subject only to the constitution and to any enactment of the legislature which is of *statewide concern* and which uniformly affects every county." (Emphasis added.)

¶ 8. The County agrees that the subject of alco-holic beverages is a statewide concern,[7] and the parties agree that Wis. Stat. § 125.10(2) grants counties the

---

[6] The parties agree that counties do not have constitu-tional home rule power under article XI, section 3(1) of the Wisconsin Constitution. Home rule power, thus, must be specifically authorized by state statute.

[7] The regulation of alcoholic beverages is a matter of statewide concern as "[t]he legislature has expressed its desire to become the primary authority on this issue" based on the expansive reach of the statewide legislation. *U.S. Oil, Inc. v. City of Fond du Lac*, 199 Wis. 2d 333, 344, 544 N.W.2d 589 (Ct. App. 1996). Wisconsin Stat. § 125.01 (2001–02) previously provided, "This chapter shall be construed as an enactment of *statewide concern* for the purposes of providing uniform regu-lation of the sale of alcohol beverages." (Emphasis added.) Currently, § 125.01 provides, in relevant part:

> This chapter shall be construed as an enactment of the legisla-ture's support for the 3–tier system for alcohol beverages produc-tion, distribution, and sale that, through *uniform statewide regulation,* provides this state regulatory authority over the *production, storage, distribution, transportation, sale, and con-sumption of alcohol beverages* by and to its citizens, for the benefit of the public health and welfare and this state's economic stabil-ity. (Emphasis added.)

power to enact legislation in concert with WIS. STAT. § 125.07(1) under certain circumstances. Specifically, § 125.10(2) states: "A municipality or a *county* may enact an ordinance regulating conduct regulated by [§] 125.07(1) or (4)(a), (b) or (bm) . . . only if it *strictly conforms* to the statutory subsection." (Emphasis added.) A county has the authority to enact an ordinance regarding underage drinking so long as it strictly conforms to the state statute. Thus, the only issue before us is whether the County's social host ordinance strictly conforms to § 125.07(1).

██

¶ 9. When a statute addressing an issue of statewide concern requires strict conformity, local governments cannot enact ordinances that go beyond the scope of the state regulation nor can the penalty accompanying the ordinance exceed the fine or civil forfeiture imposed by the state statute. In *Janesville v. Walker*, 50 Wis. 2d 35, 183 N.W.2d 158 (1971), our supreme court held that a city ordinance was invalid because it prohibited an act allowed under a state statute requiring strict conformity. The statute prohibited knowing possession of any intoxicating liquor or fermented malt beverage by a person under the age of twenty-one years when there is a minor passenger under the age of eighteen years in the car, whereas the ordinance prohibited simple possession of a fermented malt beverage by a person under or over the age of twenty-one years when there is a passenger under the age of twenty-one years in the car. *Id.* at 37–39. Our supreme court concluded that, pursuant to the statutory strict conformity requirement, "while a traffic ordinance may be less severe in coverage or penalty than a state statute, it cannot be more severe or go beyond the statute and prohibit an act therein allowed or increase the amount of a penalty." *Id.* at 39.

409

¶ 10. In *U.S. Oil, Inc. v. City of Fond du Lac*, 199 Wis. 2d 333, 336–37, 544 N.W.2d 589 (Ct. App. 1996), the issue involved an ordinance aimed at restricting teenagers' access to tobacco products by banning self-service displays. The court found that the sale of tobacco products was of statewide concern, and it applied the strict conformity test found within the applicable state statutes. *Id.* at 341–42, 346. The court declined "to assign talismanic significance to the 'strict conformity' language and adopt a per se rule that this term always preempts local rulemaking power." *Id.* at 348. It determined, however, that "the 'strictly conforms' language within the tobacco regulations must be read as withdrawing municipalities' ability to act outside of state mandates." *Id.* at 349. The comprehensive scheme and strict conformity language indicated the legislature's intent to preclude local rulemaking authority when the state statute was silent, not enable it. *Id.* at 348–50.

*Wisconsin's Restrictions Against Underage Drinking*

¶ 11. The legislature carefully crafted the restrictions against underage drinking to address various scenarios. As relevant here, the statute provides:

1. "No person may procure for, sell, dispense or give away any alcohol beverages to an underage person . . . ." Wis. Stat. § 125.07(1)(a)1.

2. "No licensee or permittee may sell, vend, deal or traffic in alcohol beverages to or with an underage person . . . ." Sec. 125.07(1)(a)2.

3. "No adult may knowingly permit or fail to take action to prevent the illegal consumption of alcohol beverages by an underage person on premises owned by the adult or under the adult's control." This subdivision does not apply to alcohol beverages used exclusively as part of a religious service. Sec. 125.07(1)(a)3.

410

4. "No adult may intentionally encourage or contribute to" an underage person "who knowingly possesses or consumes alcohol beverages." Sec. 125.07(1)(a)4., (4)(b).

¶ 12. The County bases its argument that its social host ordinance is in strict conformity with the state statute on the only provision that explicitly penalizes knowledge and inaction, WIS. STAT. § 125.07(1)(a)3.

¶ 13. WISCONSIN STAT. § 125.07(1)(a)3. states in pertinent part: "No adult may knowingly permit or fail to take action to prevent the illegal consumption of alcohol beverages by an underage person on *premises* owned by the adult or under the adult's control." (Emphasis added.) "Premises" is defined under WIS. STAT. § 125.02(14m) as "the area described in a license or permit."

¶ 14. Muche contends that the defined term limits WIS. STAT. § 125.07(1)(a)3. to areas described in a license or permit—not a private residence.

¶ 15. The Wisconsin Counties Association (WCA), which filed an amicus curiae brief in this case, counters that "premises" means "property," and, thus, the social host ordinance is in conformity with WIS. STAT. § 125.07(1)(a)3. Specifically, the WCA argues that the word "premises" as it is used in subsec. (1)(a)3. simply means "property owned by the adult or under the adult's control."

*The Supreme Court's Decision in*
*Nichols Controls this Case*

¶ 16. Although the supreme court did not directly address WIS. STAT. § 125.07(1)(a)3., we believe that the reasoning and language of *Nichols v. Progres-*

*sive Northern Insurance Co.*, 2008 WI 20, ¶¶ 58–60, 308 Wis. 2d 17, 746 N.W.2d 220, compels the conclusion that the statute does not penalize social hosts for conduct in private residences.

¶ 17. In *Nichols*, the plaintiffs brought common-law negligence and negligence per se claims against social hosts, the Niesens, who were allegedly aware that minors were consuming alcohol on their property, but who did not provide the alcohol, and one of the underage guests allegedly later caused an alcohol-related car accident. The circuit court dismissed the claims, finding, among other things, that a negligence per se claim could not be brought based on WIS. STAT. § 125.07(1)(a)3.[8] *Nichols*, 308 Wis. 2d 17, ¶ 7. The court of appeals agreed, holding:

> Section 125.07(1)(a)3. states in part: "No adult may knowingly permit or fail to take action to prevent the illegal consumption of alcohol beverages by an underage person on premises owned by the adult or under the adult's control." "Premises" is defined in [WIS. STAT.] ch. 125 as the "the area described in a license or permit." Section 125.02(14m). We are bound by this definition; "[i]f a word is specifically defined by statute, that meaning must be given effect." Because there is no allegation in the Nichols' complaint that the Niesen property was an "area described in a license or permit," it is not a "premises" under § 125.07(1)(a)3. Thus, the Niesens cannot be negligent per se.

*Nichols v. Progressive N. Ins. Co.*, No. 2006AP364, unpublished slip op. ¶ 10 (WI App Jan. 25, 2007)

---

[8] Violation of a safety statute is negligence per se "where the statutory purpose is to avoid or diminish the likelihood of harm that resulted." *Miller v. Thomack*, 204 Wis. 2d 242, 252–53, 555 N.W.2d 130 (Ct. App. 1996), *abrogated on other grounds by Meier v. Champ's Sport Bar & Grill, Inc.*, 2001 WI 20, 241 Wis. 2d 605, 623 N.W.2d 94.

(alteration in original; citation omitted). The court of appeals did, however, reverse the circuit court and permit a common-law negligence claim to proceed.[9] *Id.*, ¶ 1.

¶ 18.　On appeal, the supreme court considered only the common-law negligence claim; the Nichols did not challenge dismissal of their negligence per se claim based on Wis. Stat. § 125.07(1)(a)3. *Nichols*, 308 Wis. 2d 17, ¶ 2. The supreme court reversed, holding that public policy precluded the Nichols' common-law negligence claim. *Id.*, ¶ 3.

¶ 19.　In support of its public policy analysis, the supreme court first noted that Wis. Stat. § 125.035 abrogates immunity only to "vendors and social hosts who *supply* alcohol to underage drinkers." *Nichols*, 308 Wis. 2d 17, ¶ 33 (emphasis added). The court continued, "[n]othing in the Wisconsin statutes renders the [alleged social hosts'] conduct unlawful." *Id.* Thus, although the court did not specifically analyze Wis. Stat. § 125.07(1)(a)3., this statement would only be accurate if "premises" as it is used in § 125.07(1)(a)3. means "the area described in a license or permit." Stated conversely, if "premises" means "property," and thus, the provision applies to property described in a license or permit, then this statement by our supreme court would be inaccurate. In short, the defined term controls. We believe that this is an inescapable conclusion given the court's specific reference to Wis. Stat. ch. 125 and awareness of § 125.07(1)(a) and the circuit

---

[9] We discuss the court of appeals' pre-July 1, 2009 unpublished decision not as persuasive authority, but to explain the procedural and substantive background and context for the supreme court's decision and analysis, including the concurrence's discussion of the court of appeals' decision. *See* Wis. Stat. Rule 809.23(3).

413

court and court of appeals' then-prevailing interpretation of § 125.07(1)(a)3. *See Nichols,* 308 Wis. 2d 17, ¶ 7; Mark R. Hinkston, *Social Host Liability for Underage Drinking,* WIS. LAWYER, June 2008, at 2, n.13.

¶ 20. As noted, the WCA contends that the word "premises" as it is used in WIS. STAT. § 125.07(1)(a)3. means "property owned by the adult or under the adult's control." WCA points to Justice Abrahamson's concurrence in *Nichols,* 308 Wis. 2d 17, ¶¶ 58–60 (Abrahamson, J., concurring) (noting that when read in context with the rest of the statute, the term premises "seems to mean property").

¶ 21. The *Nichols* concurrence noted that the last sentence of WIS. STAT. § 125.07(1)(a)3. provides as follows: "This subdivision does not apply to alcohol beverages used exclusively as part of a religious service." *Nichols,* 308 Wis. 2d 17, ¶ 57. The concurrence questioned why the exception for religious services would be necessary if the word "premises" in § 125.07(1)(a)3. means an area described in a license or permit.[10] Muche compellingly responds that this provision makes clear that religious services taking place in non-church buildings with a license or permit (such as an arena or hotel) are not included.

¶ 22. The *Nichols* concurrence also noted that "WIS. STAT. § 125.07(1)(a)3. appears to be the only provision within § 125.07 in which the legislature has used the word 'premises' without modifying it. Elsewhere in § 125.07, the legislature denotes licensed or

---

[10] WISCONSIN STAT. § 125.02(9) defines "license" to mean "an authorization to sell alcohol beverages issued by a municipal governing body under this chapter." Section 125.02(13) defines "permit" to mean "any permit issued by the [Department of Revenue] under this chapter."

414

permitted premises.[11] If the legislature intended for the word 'premises' in § 125.07(1)(a)3. to mean licensed or permitted premises, why wouldn't the legislature have said so as it did throughout the remainder of § 125.07?" *Nichols*, 308 Wis. 2d 17, ¶ 59 (Abrahamson, J. concurring).

¶ 23. Muche responds that where "premises" is used elsewhere in Wis. Stat. § 125.07, it is used to identify subsets of premises, because the broadly defined term "premises" includes both licenses and permits, and all retail and wholesale scenarios, such as Class "A" and Class "B" licenses, Class "B" permits, wholesalers' licenses, brewers' permits, brewpub permits, out-of-state shippers' permits, manufacturers' and rectifiers' permits, winery permits, direct wine shippers' permits, wholesalers' permits, etc. Responding specifically to the examples in the *Nichols* concurrence, Muche notes that a more limited reference in § 125.07(3)(a) to "premises for which a license or permit for the *retail* sale of alcohol beverages has been issued," or the reference in para. 4 to "licensed premises," purposefully excludes locations where there is no retail sale, or permitted premises, respectively. *See,*

---

[11] "*See* Wis. Stat. § 125.07(3)(a) (regulating underage persons' right to enter, knowingly attempt to enter, or be on 'premises for which a license or permit for the retail sale of alcohol beverages has been issued'); § 125.07(3)(b) (specifying a forfeiture penalty for a licensee or permittee who permits an underage person to enter or be on 'a licensed premises'); § 125.07(4)(a)2. (making it a violation for an underage person to possess or consume alcohol beverages 'on licensed premises' unless the underage person is accompanied by a parent, guardian or spouse who is not underage); § 125.07(4)(a)3. (making it a violation for an underage person to enter, knowingly attempt to enter 'licensed premises' in violation of § 125.07(3)(a))."

*e.g.,* WIS. STAT. § 125.52 (manufacturers' permit) (emphasis added). We agree with Muche that these distinctions clearly, and presumably intentionally, penalize different conduct from different categories of adults and in different locations.[12]

¶ 24. Muche also points out that "owned by the adult or under the adult's control," limits responsibility to a limited subset of adults who own or control the area described in a license or permit—individuals who the legislature separately and appropriately sought to hold responsible for knowledge and failure to act. In addition, it makes sense to incorporate the defined term to limit an adult's responsibility to the "area described in a license or permit," as, for example, where a building in which alcohol is sold is larger than the area described.

¶ 25. Ultimately, Muche contends, there is no statutory indication that the legislature did not intend to incorporate the defined term "premises," and instead sought to expand this type of responsibility to private residences, and indeed, any property owned or controlled by an adult. We agree. There is no textual basis to depart from basic statutory construction: the defined term must be given effect. *See Sullivan Bros. v. State Bank of Union Grove,* 107 Wis. 2d 641, 646, 321 N.W.2d 545 (1982).

¶ 26. In the end, the majority in *Nichols* does not appear to have been persuaded that the concurrence's questions compelled a conclusion that WIS. STAT. § 125.07(1)(a)3. rendered social host conduct in a private residence unlawful. To the extent that this conclusion is statutorily questionable or arguably incon-

---

[12] As did the concurrence in *Nichols,* the concurrence here ignores these distinctions. Concurrence, ¶ 34.

sistent with current public opinion on social host liability, the clarification of whether a county may interpret "premises" as "property" under the control of an adult, so as to be in strict conformity with § 125.07(1)(a)3., must come either from the legislature, or from our supreme court, as we have no authority to overrule or modify language from a supreme court case. *Cook v. Cook*, 208 Wis. 2d 166, 188–90, 560 N.W.2d 246 (1997).[13]

¶ 27. WCA, and not the County, also points to Wis. Stat. § 125.07(1)(a)4. and (4)(b) which prohibit an adult from intentionally encouraging or contributing to an underage person who knowingly possesses and consumes alcoholic beverages at any location. WCA does not develop the argument as to whether the conduct prescribed in the ordinance strictly conforms to these provisions. As Muche points out, the ordinance prohibits the knowledge and the failure to prevent possession or consumption of alcohol by underage persons, as compared to the statutory requirement of intentional encouragement or contribution—passive versus active or affirmative conduct. The statute also addresses the minor's knowledge and requires actual possession and consumption versus potential future possession or consumption, i.e., the adult knows a minor "will" possess alcohol with the intent to consume. The Nichols did not pursue a negligence per se claim against the alleged social hosts under § 125.07(1)(a)4. *Nichols*, 308 Wis. 2d 17, ¶ 7 n.4. Nevertheless, we are convinced that the supreme court's

[13] While the WCA raises questions about the interpretation of "premises" based on legislative history, we need not address this additional argument as we are bound to follow supreme court statements. *See Cook v. Cook*, 208 Wis. 2d 166, 188–90, 560 N.W. 2d 246 (1997).

unequivocal statement in *Nichols*, proclaiming that "[n]othing in the Wisconsin statutes renders the [alleged social hosts'] conduct unlawful," is equally applicable to this statutory subsection. *Id.*, ¶ 33.[14]

¶ 28. In sum, Fond du Lac's social host ordinance "forbids what the statute does not forbid and in that respect creates liability beyond the scope of the statute." *Walker*, 50 Wis. 2d at 39. Fond du Lac's definition of "any residence, premises or on any other private or public property" is outside the scope of the meaning of "on premises owned by the adult or under the adult's control" under Wis. Stat. § 125.07(1)(a)3. and the ordinance also prohibits conduct allowed under § 125.07(1)(a)4.

*The Ordinance's Penalties are not in Strict Conformity*

¶ 29. Finally, we note that the penalties under the Fond du Lac ordinance are not in strict conformity with those set forth in the state statute. The penalties

[14] The concurrence argues that this statement in *Nichols* is dicta. Dictum "is a statement or language expressed in a court's opinion which extends beyond the facts in the case and is broader than necessary and not essential to the determination of the issues before it." *Estate of Genrich v. OHIC Ins. Co.*, 2009 WI 67, ¶ 39, 318 Wis. 2d 553, 769 N.W.2d 481 (citations omitted). *Nichols*, as we have discussed, precluded tort liability based on public policy. If, however, the Wisconsin Statutes, such as Wis. Stat. § 125.07(1)(a)3., had rendered the defendants' conduct in *Nichols* unlawful, then the basis for precluding civil liability under negligence per se or on public policy grounds would have been undermined. *See Stephenson v. Universal Metrics, Inc.*, 2002 WI 30, ¶ 43, 251 Wis. 2d 171, 641 N.W.2d 158 ("[I]t is also appropriate to look at the [public policy] factors in light of relevant legislative enactments."), cited in *Nichols v. Progressive N. Ins. Co.*, 2008 WI 20, ¶¶ 22, 33, 308 Wis. 2d 17, 746 N.W.2d 220.

associated with a violation of the state statute are assessed on a graduated scale. A first offense is a forfeiture violation with a maximum forfeiture of $500, and second and subsequent violations are criminal offenses with fines and jail time that are based on the number of violations within a thirty-month period. WIS. STAT. § 125.07(1)(b). The penalty for violation of the Fond du Lac social host ordinance is a forfeiture of "not less than $1,000.00 nor more than $5,000.00, together with the costs of prosecution." Ord. § 6–5(f). The Fond du Lac penalty applied to Muche exceeds the penalties authorized by § 125.07(1)(b). Thus, Fond du Lac's social host ordinance is not in strict conformity with the state statute, even if, in substance, it were. *See City of Madison v. McManus*, 44 Wis. 2d 396, 401, 171 N.W.2d 426 (1969) (while "strict conformity does not mean the same or the identical penalty," it does mean that a penalty may not be in excess of the State penalty).[15]

## CONCLUSION

¶ 30. Fond du Lac's social host ordinance does not strictly conform to WIS. STAT. § 125.07(1). We reverse and remand for dismissal of the forfeiture imposed upon Muche.

---

[15] While Muche also challenges other differences between the social host ordinance and the relevant state statutes, we need not reach these additional arguments as our analysis is dispositive. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (we decide cases on narrowest possible grounds). That said, we do not decide this case on the penalties alone, as the parties and the WCA briefed only the provisions of the statute/ordinance establishing liability, and are clearly looking for guidance for counties statewide on this important issue. We seek to avoid future uncertainty and litigation.

*By the Court.*—Judgment reversed and cause remanded with directions.

¶ 31. REILLY, P.J. (*concurring*). I am in full agreement with the majority's conclusion that Fond du Lac's social host ordinance is not in strict conformity with WIS. STAT. § 125.07(1) as the $1,000 forfeiture in Fond du Lac's ordinance exceeds the $500 maximum penalty allowed by § 125.07(1)(b) for a first offense. Majority, ¶ 29. This case should be resolved on that basis alone, which is in accord with our practice of deciding cases on the narrowest grounds. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (we decide cases on narrowest possible grounds). I believe it unwise to address the "premises" debate.

¶ 32. The majority relies on our supreme court's statement in *Nichols* that "[n]othing in the Wisconsin statutes renders the [social hosts'] conduct unlawful," *Nichols v. Progressive N. Ins. Co.*, 2008 WI 20, ¶ 33, 308 Wis. 2d 17, 746 N.W.2d 220, as restricting the definition of "premises" to that found in WIS. STAT. § 125.02(14m). Majority, ¶¶ 13, 19. I concur that the *Nichols'* statement is binding upon us, although I believe it is dicta. I acknowledge that I may not determine what constitutes dicta in supreme court decisions, *Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶ 58, 324 Wis. 2d 325, 782 N.W.2d 682, however, I am allowed to express when I believe a prior case is being wrongly applied, *Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997).

¶ 33. *Nichols* addressed whether a common law negligence claim may be maintained against a social host. *Nichols*, 308 Wis. 2d 17, ¶ 33. WISCONSIN STAT. § 125.07(1)(a)3. and its application was not the focus of the court in *Nichols*. On public policy grounds, the

*Nichols* court held that a common law negligence claim may not be maintained against a social host. *Nichols*, 308 Wis. 2d 17, ¶¶ 30, 33. The court further held that any decision on liability for social hosts should come from the legislature and not the courts. *Id.*, ¶ 33. I agree with the rationale of *Nichols*. The focus of our case, however, is on § 125.07(1)(a)3. and its application. I offer that the legislature has acted and has legislatively decided that those who assist in the underage consumption of alcohol shall be punished via § 125.07(1):

1. No "person" may provide alcohol to an underage person. Sec. 125.07(1)(a)1.

2. No "licensee or permittee" may sell alcohol to an underage person. Sec. 125.07(1)(a)2.

3. No "adult" may knowingly permit underage persons to consume alcohol on "premises owned by the adult." Sec. 125.07(1)(a)3.

4. No "adult" may "intentionally encourage or contribute" to an underage person consuming or procuring alcohol either alone or from a "licensee or permittee" or consuming alcohol on "licensed premises." Sec. 125.07(1)(a)4., (4)(a)1.-2.

¶ 34. The legislature clearly differentiated "premises" owned by an adult in Wis. Stat. § 125.07(1)(a)3. from "premises" of a "licensee or permittee" as found in § 125.07(1)(a)2. and 4. The use of the term "premises" in § 125.07(1)(a)3. is not limited to "the area described in a license or permit." *See* Wis. Stat. § 125.02(14m). The legislature purposefully restricted underage drinking on "premises" as defined in

§ 125.02(14m), but also separately utilized the word "premises" in § 125.07(1)(a)3. to encompass those places owned by an adult, such as the high school graduation parties held in the home or the bonfire in the back forty.

¶ 35. To conclude that WIS. STAT. § 125.07(1)(a)3. is only violated if the adult owns a liquor store or tavern and allows an underage party to occur at the store or tavern is the wrong reading of § 125.07(1)(a)3., and is clearly not what the legislature wrote or intended. The legislature meant what it said—adults who host or allow an underage drinking party on property they own will face fines and, if such conduct is repeated, jail. Utilizing the *Nichols'* dicta, "[n]othing in the Wisconsin statutes renders the [social hosts'] conduct unlawful," to eviscerate § 125.07(1)(a)3. is wrongly applying *Nichols. See Nichols*, 308 Wis. 2d 17, ¶ 33. Applying *Nichols* literally in our situation undoes what *Nichols* stands for—deference to legislative decision making.